554 So.2d 825 (1989)
Louis BEARD
v.
CIRCLE K, INCORPORATED.
No. 89 CW 1112.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
*826 S. Don LeBaron, Baton Rouge, for plaintiff-relator.
Kenneth E. Barnette, Baton Rouge, for defendant-respondent.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
CRAIN, Judge.
On January 18, 1988, Louis Beard allegedly suffered personal injuries when he slipped and fell on a foreign substance located on the floor of a store owned by Circle K., Incorporated. Praying for damages in the sum of $10,000, Beard instituted this action against Circle K in the City Court of the City of Baton Rouge. The petition was filed on June 1, 1988. Answer was filed on June 17, 1988.
Trial was set for December 16, 1988. On December 15, 1988, plaintiff filed a motion to enroll new counsel and a motion for a continuance. Plaintiff's motions were granted and trial was rescheduled for April 12, 1989.
Several days prior to the April trial date plaintiff sought to amend his petition to allege damages in excess of $10,000 and moved to have the case transferred to district court. The trial court refused to allow amendment of the petition and denied the motion to transfer. A motion to indefinitely continue and stay trial and another motion to transfer were filed on April 12, 1989. The motions to transfer and for indefinite stay were denied. The trial court again refused plaintiff's request to amend the petition and continued trial to July 27, 1989. Plaintiff subsequently applied to this court for supervisory writs.

AMENDMENT OF PETITION
The first issue presented for our determination is whether the trial court abused its discretion in refusing to allow plaintiff to amend his petition.
"A plaintiff may amend his petition without leave of court at any time before the answer thereto is served.... Otherwise, the petition ... may be amended only by leave of court or by written consent of the adverse party." La.C.C.P. art. 1151.
Plaintiff's motion to amend the petition was filed shortly after enrolling new counsel and shortly after plaintiff underwent a medical evaluation which resulted in plaintiff's allegedly learning for the first time that the injuries sustained in the accident were more serious than originally diagnosed. The future medical costs alone were estimated to range from between $20,000 to $30,000.
The provisions of the Louisiana Code of Civil Procedure are not to be considered an end in themselves and should be construed liberally so as to implement the substantive law. La.C.C.P. art. 5051. Thus amendment of the pleadings should be liberally allowed, providing the movant is acting in good faith; the amendment is not sought as a delaying tactic; the opponent will not be unduly prejudiced and trial of the issues will not be unduly delayed. See Giron v. Housing Authority of Opelousas, 393 So.2d 1267 (La.1981).
Given the legislative directive regarding the liberal construction of procedural rules, the fact that amendment was sought soon after both the enrollment of new counsel and the documentation of medical problems allegedly associated with the accident, and the trial date was continued for some three months after the amendment was requested, we conclude that the trial court abused its discretion in ex parte failing to allow plaintiff to amend the petition to allege damages in excess of $10,000. If the city judge determined that the increased amount is asserted in good faith the amendment should be allowed.

TRANSFER TO DISTRICT COURT
The second issue before us is whether the trial court erred in denying plaintiff's *827 motion to transfer the case to the Nineteenth Judicial District Court.
Because the original petition prayed for damages not exceeding the sum of $10,000 this action was within the civil jurisdiction of the city court which is concurrent with that of the district court. La.R.S. 13:1891; La.C.C.P. art. 4843. The amount in dispute on which the jurisdiction of the city court is dependent is determined by plaintiff's good faith assertions. La.C.C.P. art. 4. We have previously determined that plaintiff's amendment should be allowed if the increased amount is asserted in good faith. We note that if the amendment is allowed it will result in plaintiff's prayer for damages being in excess of the city court jurisdictional amount. La.C.C.P. art. 893.
The legislation pertaining to the jurisdiction of city and district courts protects a plaintiff's right to elect to initiate a non-jury action in city court by giving the city court jurisdiction of incidental actions filed in connection with the principal demand. Thus, a defendant or intervenor in a non-jury principal demand may not force removal of the principal demand to district court by the initiation of incidental demands. La.C.C.P. art. 4845. A defendant in a principal demand, who would otherwise be entitled to trial by jury but for plaintiff's choice of forum is entitled to have the principal demand transferred to district court. La.C.C.P. arts. 4872-4875. When a plaintiff has elected to bring a claim in city court and reduces his claim on a single cause of action to bring it within the jurisdiction of that court and judgment is rendered thereon, the legislature has provided that the plaintiff thereby remits his portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially. La.C.C.P. art. 5. The legislature is silent regarding whether a plaintiff who has instituted an action meeting the $10,000 jurisdictional requirement in city court and thereafter amends the petition by asserting in good faith damages in excess of the jurisdictional amount may transfer the action to district court.
"When no rule for a particular situation can be derived from legislation or custom, the court is bound to proceed according to equity. To decide equitably, resort is made to justice, reason, and prevailing usages." La.C.C. art. 4.
The legislature mandates that the procedural rules be interpreted liberally so as not to be an end in themselves in order to give effect to the substantive law. La. C.C.P. art. 5051. It further directs that the jurisdiction of a city court is limited to a $10,000 amount in dispute. La.R.S. 13:1891; La.C.C.P. art. 4843. The Constitution mandates that district courts have original jurisdiction (with certain exceptions) of all civil matters. La.Const. art. 5, § 16. Given these legislative and constitutional mandates we hold that it would be both unjust and unreasonable to deny plaintiff's motion to transfer when plaintiff's good faith amending of the petition would bring the action beyond the jurisdiction of the city court. Accordingly, the writ is granted, made peremptory, and the ruling of the City Court of Baton Rouge is reversed. The action is remanded to the City Court of Baton Rouge for allowance of the amendment to the petition if the increased amount is asserted in good faith. If amendment is allowed the matter is ordered transferred to the district court. Costs of this appeal are assessed against appellee.
REVERSED AND REMANDED.