609 So.2d 328 (1992)
KOLD, INC., Plaintiff-Appellant,
v.
H & A GAS PURCHASING, INC., etc., Defendants-Appellees.
No. 91-1086.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1992.
*329 Oliver J. Schrumpf, Sulphur, for plaintiff-appellant.
D. Kent Savoie, Skipper Drost, Sulphur, for defendants-appellees.
Before DOUCET and YELVERTON, JJ., and MARCANTEL[*], J. Pro Tem.
YELVERTON, Judge.
Kold, Inc., sued the defendants for $11,350.51 on open account. After the case had been tried on the merits, the City Court of Ward 4 of Calcasieu Parish on its own motion noticed its lack of jurisdiction over the subject matter, the amount of damages sued for being in excess of the court's jurisdictional dollar amount of $10,000. The court thereupon signed a judgment dismissing the demand.
At the trial the plaintiff's witness, who was its president and one of the major stockholders of Kold, Inc., testified that although the amount sued for was over $10,000, Kold, Inc., wished to limit its demand and was asking for judgment for only $10,000. No objection was made to that testimony. After the judgment dismissing the action, the plaintiff moved to amend the pleadings to conform to the evidence, the purpose being to reduce the amount claimed to $10,000 and stay within the jurisdictional limits of the City Court of Ward 4 of Calcasieu Parish. The motion was denied and Kold, Inc., took a devolutive appeal which is now before us.
The appellant points out that La.C.C.P. art. 1154 permits amendment of pleadings to conform to the evidence even after judgment, and that La.C.C.P. art. 1153 states that such amendments relate back to the date of filing the original pleading. From this the appellant argues that the trial judge should have allowed the amendment and, had the amendment been allowed, the amount in dispute would have been within the jurisdictional limits of the court.
The subject matter jurisdiction of the Ward 4 City Court is limited by the amount in dispute and by the nature of the proceeding. La.C.C.P. art. 4841. The civil jurisdiction of a city court is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed $10,000. La.C.C.P. art. 4843. When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or value of the right asserted, it shall be determined by the amount demanded or value asserted in good faith by the plaintiff. La.C.C.P. art. 4. When a plaintiff reduces his claim on a single cause of action to bring it within the jurisdiction of a court and judgment is rendered thereon, he remits the portion of his claim for which he did not pray for judgment, and is precluded thereafter from demanding it judicially. La. C.C.P. art. 5.
When issues not raised by the pleadings are tried by express or by implied consent of the parties, the pleadings may be amended, even after judgment, to conform to the evidence. La.C.C.P. art. 1154. When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading. La.C.C.P. art. 1153.
The articles of the Code of Civil Procedure are not to be considered an end in themselves and should be construed liberally with due regard to the fact that they implement the substantive law. La.C.C.P. art. 5051. Amendment of pleadings should *330 be liberally allowed, providing the movant is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial of the issues will not be unduly delayed. Giron v. Housing Authority of Opelousas, 393 So.2d 1267 (La.1981); Beard v. Circle K, Inc., 554 So.2d 825 (La.App. 1st Cir. 1989).
What was involved in Beard v. Circle K, Inc., supra, was an amendment to a petition increasing the amount of damages, and a motion to transfer the amended suit from city court, where the jurisdictional limit was $10,000 as originally pleaded in the damage suit, to the district court which could jurisdictionally entertain the amended petition for a greater amount of damages. The First Circuit discussed the articles of the Code of Civil Procedure dealing with amendments, and the liberality encouraged in the interpretation of those articles. After permitting the amendment, the court considered the transfer to the district court, and stated:
The legislature is silent regarding whether a plaintiff who has instituted an action meeting the $10,000 jurisdictional requirement in city court and thereafter amends the petition by asserting in good faith damages in excess of the jurisdictional amount may transfer the action to district court.
Deciding the issue equitably, the First Circuit then held:
The legislature mandates that the procedural rules be interpreted liberally so as not to be an end in themselves in order to give effect to the substantive law. La.C.C.P. art. 5051. It further directs that the jurisdiction of a city court is limited to a $10,000 amount in dispute. La.R.S. 13:1891; La.C.C.P. art. 4843. The Constitution mandates that district courts have original jurisdiction (with certain exceptions) of all civil matters. La. Const. art. 5, § 16. Given these legislative and constitutional mandates we hold that it would be both unjust and unreasonable to deny plaintiff's motion to transfer when plaintiff's good faith amending of the petition would bring the action beyond the jurisdiction of the city court.
Applying the rationale asserted in the Beard v. Circle K, Inc., supra, decision, we can conceive of no reason why the opposite should not also be true, i.e., that a plaintiff can amend a petition demanding in excess of the jurisdictional limit of a city court by reducing it to an amount within the jurisdiction of the city court. Leniency in permitting the amendment of pleadings has long been favored. Lemelle v. City of Opelousas, 540 So.2d 1232 (La.App. 3d Cir. 1989). The defendants cannot be surprised or prejudiced by this amendment. To the contrary, the defendants may be benefitted, for the amendment effectuates a remission of the amount of the plaintiff's claims over $10,000, and Kold, Inc., is thereafter precluded from demanding that excess judicially. La.C.C.P. art. 5.
We reverse the judgment of the trial court, and remand the case with instructions to allow the amendment to conform to the evidence, and then to decide the case based on the record. The costs of this appeal will be paid by the defendants.
REVERSED AND REMANDED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.