ARMSTRONG, Judge.
In this personal injury action arising out of an automobile accident, plaintiffs, David Zaffuto and his wife Donna, appeal the trial court’s granting of a summary judgment in favor of defendant, Metropolitan Property and Liability Insurance Company (“Metropolitan”).
On June 8, 1988 David Zaffuto was injured when the automobile he was driving was struck by an automobile owned by Bennie Dillon and his daughter, Charlene Dillon. The vehicle was being driven by a *306 15 year old friend of Charlene’s, Reginald McCray, who was at fault in causing the accident. On May 30, 1989 Zaffuto and his wife instituted this action against McCray; Bennie and Charlene Dillon; the Dillons’ automobile liability insurers, Champion Insurance Company now Louisiana Insurance Guarantee Association (“LIGA”) and Interstate Fire and Casualty Company (“Interstate”); and the Zafuttos’ uninsured motorist (“UM”) carrier, Metropolitan.
The Dillons automobile was covered by a $10,000 insurance policy with LIGA and an excess policy with Interstate in the amount of $90,000. Under the terms of the LIGA and Interstate policies, if McCray was a permissive driver of the Dillon automobile, the two policies provided a total of $100,000 coverage for the accident. Plaintiffs’ UM carrier, Metropolitan, would then be an excess insurer.
LIGA and Interstate both filed answers. Interstate admitted that its policy covered the loss. On January 14, 1991, plaintiffs released Interstate, settling their claims against it for $65,000. On March 11, 1991, LIGA filed a motion to continue trial on the basis that Charlene Dillon had informed it that McCray was non-permissive user of the vehicle. On October 9, 1991 plaintiffs deposed Charlene Dillon wherein she testified that McCray took her car keys without her permission while she was sleeping. Charlene Dillon further testified that she received a traffic citation for allowing a juvenile to use her vehicle and pled guilty to that violation. Subsequent to the deposition, on October 23, 1991, plaintiffs entered into a settlement agreement with LIGA for $4,900, and then released LIGA, the Dillons and McCray. Plaintiffs reserved all rights to proceed against their UM carrier, Metropolitan.
The day after plaintiffs settled with LIGA, on October 24, 1991, UM carrier Metropolitan filed a motion for summary judgment seeking to declare its entitlement to a credit for LIGA and Interstate’s combined policy limits of $100,000. The hearing was set for October 31, 1991. On that same date, plaintiffs attempted to file their third supplementing and amending petition to allege “a newly discovered fact” that McCray was a non-permissive driver of the Dillon automobile. Such an amendment would allow plaintiffs to change the basis of insurer liability and recover damages from their UM carrier, Metropolitan as though McCray was an uninsured driver.
On December 6, 1991, the trial court denied plaintiffs’ motion to file the third supplemental and amending petition and granted Metropolitan’s motion for summary judgment.
La.C.C.P. art. 966(A) states that a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has. Appellate courts review summary judgments de novo, under the same criteria that govern the district court’s consideration of whether summary judgment was proper. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). La.C.C.P. art. 966(B) provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991).
Under La.C.C.P. arts. 966 and 967, however, the burden is upon the mover to show the absence of genuine issues of material fact. Frazier v. Freeman, 481 So.2d 184 (La.App. 1st Cir.1985). All doubts must be decided in favor of trial on the merits even if grave doubt exist as to a party’s ability to establish disputed facts at trial. Osborne v. Vulcan Foundry, Inc., supra.; Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3d Cir.1985).
In their brief on appeal, plaintiffs admit that their damages did not exceed $100,000. Plaintiffs further admit that if Reginald McCray was a permissive driver, the primary insurers, LIGA and Interstate, would be solidary obligors with Metropolitan, which would be entitled to a credit for the *307 $100,000 combined policy limits of the two primary insurers. Plaintiffs argue that there is a genuine issue of material fact as to whether McCray was a permissive driver of the Dillon vehicle. They submit that if McCray was a non-permissive driver, then Metropolitan was not a solidary obligor with LIGA and Interstate, and would therefore not be entitled to the $100,000 credit.
Because plaintiffs had not alleged that McCray was a non-permissive driver until they attempted to file the third supplemental and amending petition containing that allegation, the dispositive issue in this appeal is whether the trial court erred in denying plaintiffs leave to file that amended petition to place the status of the driver, McCray, at issue.
The general rule as to allowing amendments after an answer is filed is that it is discretionary with the trial judge and that his ruling will not be disturbed absent an abuse of discretion. Pieri v. DiMaggio, 331 So.2d 59 (La.App. 4th Cir.1976). Carter v. Safeco Ins. Co., 435 So.2d 1076 (La.App. 1st Cir.1983). In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court recognized exceptions to the general rule of deference including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and the futility of the amendment offered.
The narrow issue presented for review is whether the trial court abused its discretion in denying plaintiffs’ motion to file the third supplemental and amending petition where plaintiffs settled with the underlying insurers, collected all benefits and now seek to allege a fact which changes the basis of insurer liability, thereby enabling them to recover damages from the UM carrier.
Plaintiffs claim that since they were acting in good faith and had not used the motion to amend as a delay tactic, it was an abuse of discretion to deny the amendment which would conform the petition to the “newly discovered” fact that McCray was a non-permissive driver. Plaintiffs compare their situation to Beard v. Circle K, Inc., 554 So.2d 825 (La.App. 1st Cir.1989), where on supervisory review the court stated that “amendment of pleadings should be liberally allowed, providing the movant is acting in good faith; the amendment is not sought as a delaying tactic; the opponent will not be unduly prejudiced and trial of the issues will not be delayed.” 554 So.2d at 826. Noting that the plaintiff sought to amend his petition following the enrollment of new counsel and documentation of the plaintiffs medical problems, and recognizing that trial had been continued for three months, the Beard court remanded the action to the trial court for a determination of whether the amendment was sought in good faith. However, we find Beard provides no support for the position taken by plaintiffs in the instant case.
This case arose out of an automobile accident which occurred on June 8, 1988. Plaintiffs’ original petition was filed on May 30,1989. Plaintiffs were permitted to amend and supplement their original petition on two previous occasions. Although plaintiffs claim McCray’s non-permissive driver status is “newly discovered” evidence that was discovered during Charlene Dillon’s October 9, 1991 deposition, a copy of which they received on October 29, 1991, the record reveals that plaintiffs had objective notice of Charlene Dillon’s contention on March 11, 1991. LIGA’s motion to continue trial on that date exposes that all parties to the proceeding and/or their counsel were apprised that Charlene Dillon was claiming that McCray was a non-permissive user of her vehicle. Nevertheless, plaintiffs did not file their motion to amend and supplement their petition to conform to this “newly discovered” evidence until after they had collected from Interstate, settled with LIGA and Metropolitan had filed for summary judgment. The propitious timing of the discovery of Charlene Dillon’s contention allowed plaintiffs to settle for a total sum of $69,900 with LIGA and Interstate which were liable only if McCray was a permissive driver, and then to change Metropolitan’s excess insurer status by making it the primary insurer of the non-permissive driver.
*308 Although liberal amendments of pleadings is the policy in Louisiana, limits exist on the extent to which this court will allow amendment. Carter, supra. Having reviewed the procedural history of this case, we find no abuse of discretion on the part of the trial court in refusing to grant plaintiffs’ motion to amend and supplement their petition for a third time. Vidrine v. Carmouche, 422 So.2d 1327 (La.App. 3rd Cir.1982).
Plaintiffs’ appeal also claims Metropolitan is not a solidary obligor as a matter of law with Interstate and LIGA because they did not insure the non-permissive driver. However, as this issue is contingent upon the motion to amend being granted, it is moot.
Because Metropolitan’s entitlement to a credit up to the combined policy limits of LIGA and Interstate is contingent on the status of McCray as a permissive driver of the Dillon vehicle, and there is no genuine issue of material fact as to that fact, the trial court properly granted Metropolitan’s motion for summary judgment.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.