619 So.2d 1127 (1993)
Richard KOENIG
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 92-CA-2721.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1993.
*1128 Richard Ducote, Fine & Associates, New Orleans, for plaintiff/appellant.
Charlton B. Ogden, III, Ogden, Ogden & Wright, New Orleans, for defendant/appellee.
Before SCHOTT, C.J., and BARRY and JONES, JJ.
BARRY, Judge.
Richard Koenig appeals a summary judgment in favor of New Orleans Public Service, Inc. (NOPSI). He alleges that the summary judgment did not consider allegations in his amended petition which raised issues of material fact.

BACKGROUND
Koenig filed suit for damages resulting from electrical burns he sustained on August 1, 1990. Koenig's petition, filed December 20, 1990, alleged that he was walking on a sidewalk near NOPSI's substation on Elysian Fields Avenue when an overhead power line broke and fell, striking Koenig's back. Koenig was deposed on March 19, 1991 and it was discovered that he had no memory of the accident. He only remembered leaving a bar in the French Quarter, walking down Elysian Fields in the rain, passing the substation, and waking up in a hospital seven days later. Koenig stated that someone in the hospital related the accident as it was originally outlined in his petition.
On March 21, 1991 NOPSI deposed the servicemen who arrived at the scene of the accident to investigate the cause of a power outage throughout the French Quarter. The workers, Raymond Rea, James Schloegel and Willie Skinner, stated they discovered Koenig inside the substation and not on the sidewalk. Koenig was lying on the floor beneath energized overhead equipment. The men determined that Koenig got into the fenced substation and scaled the wall inside of the fence when he contacted the overhead equipment and was electrocuted. The servicemen concluded that Koenig's accident caused the power outage in the French Quarter.
NOPSI filed for summary judgment on August 28, 1992 alleging there was no genuine issue of material fact. NOPSI attached the affidavit of Joe Gavin, the manager of the substation, which corroborated the depositions of the three workers. The motion was set for September 18, 1992. On September 15, 1992 Koenig filed an "amended and supplemental" petition alleging that he entered the substation through a gap in the fence in order to find shelter from the rain. He stated that he may have been impaired by alcohol. Koenig claimed that he was struck by electrical current when he tried to rescue a cat stranded on a piece of equipment.
The second petition alleged negligence by NOPSI for:
A. failing to properly fence off the substation and prevent entrance by persons who did not know of inherent dangers because of youth, immaturity, alcohol or ignorance;
B. failing to adequately warn pedestrians of dangerous conditions at the substation;
C. failing to adequately warn of the dangerous and uninsulated nature of the equipment inside the fence;
D. failing to take reasonable steps to prevent intrusion by animals which would foreseeably invite rescue attempts by a passerby;

*1129 E. failing to properly design and maintain its equipment to prevent arcing of electrical currents.
The trial court signed an order on September 15, 1992 allowing the second petition to be filed. Subsequent to the hearing the court directed the parties to submit memoranda on whether the motion for summary judgment could be denied by reliance on the amended petition. Summary judgment was granted on September 29, 1992 and on October 20, 1992 the judgment was amended to dismiss all claims against NOPSI.

THE "AMENDED AND SUPPLEMENTAL" PETITION
NOPSI argues that this Court should not consider Koenig's "amended and supplemental" petition because: (1) it was filed over a year and one-half after the original petition and three days before the hearing on the motion for summary judgment; (2) Koenig filed the petition ex parte and did not proceed by contradictory motion as required by Roberts v. Murphy Oil, 577 So.2d 308 (La.App. 4th Cir.1991), writs denied, 580 So.2d 670, 580 So.2d 673 (La. 1991); and (3) the petition did not factually relate to the facts in the original petition.
The petition was improperly styled as an "amended and supplemental" petition.
A supplemental pleading differs from an amended pleading in that an amended pleading involves matters which occurred before the original complaint was filed and which were either overlooked by the pleader or were unknown to him at the time, while a supplemental pleading covers issues or causes of action which have arisen since the filing of the original petition, which relate to issues or actions contained in the original petition. (Emphasis added).
Adema v. Elliott, 223 So.2d 464, 467 (La. App. 4th Cir.1969).
Koenig's second petition raises issues which could have been included in the original petition had he known of them at the time. The second petition is thus an amended petition rather than a supplemental petition. See Royer v. St. Paul Fire and Marine Insurance Company, Inc., 502 So.2d 232 (La.App. 3rd Cir.1987), writ denied, 503 So.2d 496 (La.1987). Because Koenig's second petition was an amended petition he was not required to proceed by contradictory motion under Roberts v. Murphy Oil.
La.C.C.P. Art. 1151 states that the petition may be amended only by leave of court or by written consent of the adverse party. The rule as to amendments after an answer is filed is that it is discretionary with the trial judge and his ruling will not be disturbed absent an abuse of discretion. Zaffuto v. Champion Insurance Company, 613 So.2d 305, 307 (La. App. 4th Cir.1993). Amendment of the pleadings should be liberally allowed, providing the movant is in good faith; the amendment is not a delaying tactic; the opponent will not be unduly prejudiced; and trial will not be unduly delayed. Beard v. Circle K, Inc., 554 So.2d 825, 826 (La.App. 1st Cir.1989); see also Zaffuto v. Champion Insurance Company, 613 So.2d at 307.
Koenig's amending petition was filed over one and one-half years after the first petition and one and one-half years after depositions of the NOPSI workers. There is no indication that Koenig filed the second petition in bad faith. Although it would have been prudent to file the amending petition as soon as Koenig became aware of the facts (i.e., the depositions of the NOPSI servicemen), he is not required to do so. We note that NOPSI was not prejudiced by the amending petition because summary judgment could not have been granted because there were numerous issues of material fact raised in the first petition. The amending petition was properly considered and will be reviewed by this Court.
In addition, Koenig's amending petition relates to the accident which he attempted to set forth in his original petition. Koenig knew he was electrocuted at NOPSI's substation on Elysian Fields on August 1, 1990, but he was unaware of the specifics *1130 due to memory loss. The amending petition relates back to the filing of the original petition. La.C.C.P. art. 1153.

SUMMARY JUDGMENT
Koenig argues that the trial judge erred by granting summary judgment when NOPSI's motion did not address the issues in his amending petition. He also contends that he was not required to file affidavits to overcome the summary judgment motion. We agree.
When reviewing a summary judgment we are required to determine whether "[t]he pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.C.C.P. art. 966; Federal Savings and Loan Insurance Corp. v. Brocato, 569 So.2d 17, 19 (La.App. 4th Cir.1990).
Because the amending petition relates back to the filing of the original petition NOPSI had the burden of proving the absence of any genuine issue of material fact as to the amending petition. The record shows that the affidavits and answers to interrogatories submitted by NOPSI are insufficient to resolve the facts pertaining to the warnings or lack thereof inside and outside of the fence around the substation, as well as the alleged defective fence. Nevertheless, NOPSI contends summary judgment was proper because Koenig failed to file affidavits contesting the assertions made by NOPSI and only filed the amended petition alleging previously unknown facts.
The failure of a party opposing a motion for summary judgment to file counter affidavits does not automatically entitle the mover to summary judgment. Berry v. Brown & Root, Inc., 595 So.2d 767, 770 (La.App. 4th Cir.1992); Roberts v. Louisiana Coca-Cola Bottling Company, 566 So.2d 163, 166 (La.App. 4th Cir.1990), writ denied, 571 So.2d 647 (La.1990). The summary judgment procedure is to be used cautiouslynot as a means of circumventing trial on the merits. Berry v. Brown & Root, Inc., 595 So.2d at 770. The moving party has the burden to affirmatively and clearly prove the absence of a genuine issue of material fact, and any doubt must be resolved against summary judgment and in favor of trial on the merits. Id.
NOPSI did not meet its heavy burden and summary judgment was improperly granted.
The summary judgment is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED