640 So.2d 353 (1994)
FARMERS-MERCHANTS BANK AND TRUST COMPANY, Plaintiff-Appellant,
v.
ST. KATHERINE INSURANCE, et al., Defendants-Appellees.
No. W93-552.
Court of Appeal of Louisiana, Third Circuit.
March 9, 1994.
Writ Denied May 13, 1994.
*354 Mickey Remy Mason, Breaux Bridge, for Farmers-Merchants Bank & Trust Co.
Andrew Holleman Meyers, Lafayette, for St. Katherine Ins., et al.
George W. McHugh Jr., St. Martinville, for Cecelia Lumber.
Aaron Jay Allen, Lafayette, for Agnes Huval.
Mark E. Seamster, Hammond, for Voyager Ins.
Before DOUCET, YELVERTON and SAUNDERS, JJ.
SAUNDERS, Judge.
The plaintiff-appellant, Farmers-Merchants Bank and Trust Company (hereinafter BANK), takes this writ of certiorari for supervisory review of the trial court's granting of defendant-appellee's Motion for Leave of Court and Time To Amend Answer. Appellant contends that the trial court erred on both procedural and substantive grounds: (1) the trial court abused its discretion in granting leave of court and giving defendant time to amend its answer and (2) the defendant made a judicial confession in its petition in a related concursus proceeding and should be bound by it under Civil Code article 1158 or the principle of preclusion.
For the reasons which follow, we affirm the trial court's ruling.

FACTS
Plaintiff-appellant, BANK, loaned money to Pat Huval and accepted as security against that loan the building and contents of Huval's place of business, Pat's Waterfront Restaurant. On October 3, 1987, a fire destroyed the restaurant and its contents. BANK filed suit on March 14, 1988, against various insurance companies including defendant-appellee, Voyager Property and Casualty Insurance Company (hereinafter VOYAGER), seeking recovery of insurance proceeds from their policy that covered the property. On May 9, 1988, VOYAGER answered the suit and generally denied the allegations of liability made by BANK and stated that any policy it may have issued was strictly an excess policy, i.e. it would provide coverage only in the event that all other insurance policies applicable to said claim were exhausted. In addition, VOYAGER denied all allegations of any arbitrary or capricious actions on their part and any damages BANK claimed therein.
On January 31, 1989, VOYAGER filed a Petition for Concursus Proceeding in which it agreed to deposit into the trial court's registry the amount of the policy for the funds to be released to the injured parties with the condition that VOYAGER not be liable for any more than the amount deposited. On April 4, 1990, the trial court granted BANK'S Motion for Summary Judgment, which ordered that BANK be allowed to withdraw the funds from the trial court's registry and that the amount withdrawn be *355 credited to any other judgments rendered against VOYAGER. The trial court, however, did not establish the amount of VOYAGER'S liability and left the door open for VOYAGER to be held liable for more than the amount that they had deposited. VOYAGER appealed the trial court's judgment. This court held in case 570 So.2d 1186 (La. App. 3d Cir.1990) and 570 So.2d 1189 (La. App. 3d Cir.1990) that VOYAGER'S Petition for Concursus Proceeding stated a conditional tender of the insurance coverage. Specifically, VOYAGER deposited the funds and admitted liability only in the amount that it deposited and that they could not be held liable for more. This court agreed that the trial court erred in granting BANK'S Motion for Summary Judgment that exposed VOYAGER to greater liability than it had offered to the trial court in its Petition for Concursus Proceeding. We reversed the trial court's ruling and remanded the matter to the trial court for further proceedings.
Pursuant to our court's ruling, BANK filed an Exception of No Cause of Action to VOYAGER'S still pending Petition for Concursus Proceeding alleging that no concursus proceeding can be held with a conditional tender of the funds. On March 8, 1991, VOYAGER attempted to correct that procedural defect in its petition. On March 14, 1991, the trial court maintained BANK'S objection and denied VOYAGER'S Motion for Leave of Court to Amend its Petition for Concursus Proceeding. That ruling was affirmed by this court in an unpublished opinion, 608 So.2d 300 (La.App. 3d Cir.1992). The Louisiana Supreme Court denied writs on January 29, 1993.
On March 11, 1993, Voyager filed a Motion for Leave of Court to Amend Answer based on information that it obtained during depositions taken of BANK'S employees. Generally, VOYAGER insured property in which BANK, i.e. mortgagee, took a security interest only when the owner, i.e. mortgagor, of the property failed to do so or allowed its policy to lapse. In this way, BANK'S security interest was always protected. In BANK employees' depositions, VOYAGER learned that the mortgagor of the property allowed its insurance policy on the property to lapse only temporarily and that the mortgagor's insurance policy on the property had been reinstated at the time of the fire. Based on that information, VOYAGER contends that they did not insure the property and requested leave of court and time to amend its answer accordingly. This case comes back to this court for the third time on a writ of certiorari asking for supervisory review of the trial court's ruling granting VOYAGER'S Motion for Leave of Court and Time To Amend Its Answer to BANK'S original petition. This court granted supervisory writs to review the trial court's ruling.

I. Issues Presented
1) Whether the trial court abused its discretion in granting leave of court and giving defendant time to amend its answer. 2) Whether VOYAGER made a judicial confession in its petition in a related concursus proceeding and should it be bound by it under LSA-C.C. art. 1158 or the principle of preclusion.

II. Law and ArgumentIssue I
Pursuant to LSA-C.C.P. 1001, "[a] defendant shall file his answer within fifteen days after service of citation upon him...." In addition, "[a] defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party." LSA-C.C.P. art. 1151.[1] The Louisiana Code of Civil Procedure does not provide any specific limitations upon the discretion of the trial court to permit amendment of pleadings.
Louisiana courts have formulated criteria that they should consider when ruling *356 on motions requesting leave of court and time to amend pleadings. Amendment of pleading should be liberally allowed, provided that movant is acting in good faith, amendment is not sought as delaying tactic, opponent will not be unduly prejudiced, and trial of issues will not be unduly delayed. Beard v. Circle K, Inc., 554 So.2d 825 (La.App. 1st Cir.1989).
"Our law is well settled that amendments to pleadings should be permitted where they tend to further justice, cause no injury and are without prejudice to the right of the other party. Should the other party plead surprise, he may obtain time to prepare adequate defense. Our modern-day tendency is to relax the technical rules of pleading in order to arrive at the truth, afford a litigant his day in court and avoid a miscarriage of justice."
Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169, 178 (1956). "As the late Judge Robert Ellis of the First Circuit noted, `prior to the time for the trial, it must be an uncommon case to justify denial of a motion to amend.'" Judge Albert Tate, Jr., Amendment of Pleadings in Louisiana, 43 TUL. L.REV. 211, 217 (1969).
Our courts have also recognized that reference to the federal materials is helpful and valid in determining whether a litigant should be allowed to amend his petition. See, Wallace v. Hanover Insurance Company of New York, 164 So.2d 111, 117 (La.App. 1st Cir.1964), writ denied, 165 So.2d 486 (La. 1964).
A review of federal jurisprudence, as pointed out by appellant, indicates that the federal courts' concerns about amending pleadings are similar to those of Louisiana courts. For example, the federal courts require that leave of court be granted to amended answers where the mover can provide reasonable excuse for delay. See, Quaker State Oil Refining v. Garrity Oil Co. 884 F.2d 1510 (1st Cir.1989); see also, Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15 (1st Cir.1979). In making their rulings, federal courts look to bad faith or absentmindedness and the resulting costs and delays incurred by the non-moving party. See, Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 (5th Cir.1981); see also, Zenith Radio Corp., v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971).
"In reversing as an abuse of discretion a trial court's failure to permit amendment, the United States Supreme Court in Foman v. Davis [371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)] stated that leave to amend should always be given `[i]n the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' With regard to the discretion the rule vests in the trial judge, the court further notes, `outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."
Tate, supra at 218.
The district court has broad discretion in ruling on motions to amend pleadings and its decision to grant or deny a motion should not be disturbed on appeal absent abuse of discretion. Roberts v. Murphy Oil Corp., 577 So.2d 308 (La.App. 4th Cir.1991), writ denied, 580 So.2d 670 and 580 So.2d 673 (La.1991); see also, First Guar. Bank v. Pineywood Partnership, 569 So.2d 209 (La. App. 1st Cir.1990). Therefore, this court cannot disturb the trial court's ruling in this matter absent a showing that the trial court abused its discretion.
When analyzing the various rules and judicial interests outlined by both the federal and state courts concerning the amendment of pleadings, we find that the trial court did not abuse its discretion. From the record, we find that VOYAGER'S amendment causes little or no harm to BANK. We do not find that the amendment, even though it comes almost 5 years since BANK'S suit was initially filed, unfairly delays the resolution of this case. The delays caused in this suit have not been caused by any particular party. Because no trial or final discovery date has *357 been set, we do not find that BANK has been unduly prejudiced. In fact, this court believes that based on the record the discovery needed, if any, for plaintiff to adequately prepare itself for trial is nominal. BANK has not relied to their detriment on the pleadings presented to the trial court by VOYAGER. BANK has presented no evidence and nothing in the record suggests that important evidence is now unavailable, or a prescriptive period would bar BANK from bringing suit against the appropriate defendant should they lose in this case.
In its reasons, the trial court noted its reluctance to grant VOYAGER leave of court and time to amend its pleading because it was offered so tardily. The trial court, however, found VOYAGER'S reason for the delay reasonable and without evidence to suggest otherwise, we agree with the trial court's finding that BANK will not be unfairly prejudiced by the amendment. The disallowance of the amendment would be contrary to the intent and policy underlying Louisiana's procedural rules and the Louisiana and federal jurisprudence in support thereof that facilitates liberal amending of pleadings.
We adhere to the statements made by our fellow Louisiana jurists when they reviewed this same issue:
"It may be appropriate to observe here that the primary object of every rule or principle of pleading and practice is to afford the litigants the opportunity of establishing the truth of the matters in controversy. Where an amendment tends to promote justice, entails no consequential delay and works no prejudice, it should be allowed."
James v. Missouri Pacific Railroad Co., 113 So.2d 41, 47 (La.App. 2d Cir.1959).

III. Law and ArgumentIssue II
Whether VOYAGER made a judicial confession in its petition in a related concursus proceeding and should it be bound by it under LSA-C.C. art. 1158 or the principle of preclusion.
First we review LSA-C.C. art. 1853 which provides the following:
A Judicial confession is a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who made it.
A judicial confession is indivisible and it may be revoked only on the ground of error of fact.[2]
Jurisprudence has tempered that code article, however:
"Under this article, ... the statement constituting a judicial admission must be the express acknowledgment of an adverse fact, the effect of which is to waive evidence as to the subject of the admission or to withdraw the matter from issue. For these effects to be imposed, however, the other party must have been led to believe the fact was not at issue or he must have relied on the statement to his detriment." (Citations omitted).
Jones v. Gillen, 564 So.2d 1274, 1279 (La. App. 5th Cir.1990), writ denied, 568 So.2d 1080 and 568 So.2d 1081 (La.1990). In addition, the second part of the article specifically allows an admission to be revoked on the grounds of error of fact.
In addition to Louisiana Civil Code article 1853, BANK supports its argument against allowing the amendment by requesting this court to apply or at least refer to the doctrine of preclusion, a legal principle often times used in the federal courts. "Under this principle `a party may be precluded by a prior position taken in litigation from later adopting an inconsistent position in the course of a judicial proceeding.'" Exchange National Bank of Chicago v. Spalitta, 321 So.2d 338 (La.1975). Just as is true of Article 1158, the principle of preclusion is tempered:
"The preclusion doctrine is normally subject to the qualification that a former inconsistent position, which can be satisfactorily explained as having been taken unadvisedly or by mistake, will not prevent a litigant from accurately establishing the *358 facts. In the absence of clear fraud a former statement of a legal conclusion or an opinion will not normally bring the doctrine into operation."
F.P. Moore, Federal Practice, ¶ 0.405 at p. 772 (1965).
Thus, even under this principle, if a litigant can satisfactorily explain to the trial court why his position may have changed such that an amendment is merited, a judicial admission can be revoked or modified.
We have reviewed the record and the allegations made by both parties in their briefs. BANK argues that VOYAGER should be precluded from amending its answer either under Civil Code article 1853 or the principle of preclusion. BANK fails to show any evidence, however, that VOYAGER is in bad faith in asking for the amendment or the absence of factual error. In fact, BANK concedes that VOYAGER'S need to amend is based on an error of fact, i.e., VOYAGER'S error of fact in admitting liability in its Petition for Concursus Proceeding. Instead, BANK argues based on VOYAGER'S tardiness in discovering the mistake of fact that VOYAGER is now precluded from raising the appropriate defense in an amended answer. VOYAGER'S right to amend its answer at this late stage in the proceedings is governed by Louisiana procedural law, LSA-C.C.P. article 1151, and the substance of that amendment; whether it is based on an error of fact or made in bad faith, is governed by LSA-C.C. article 1853. "[I]f the factual allegations are wrong or have been made through error, the remedy is apparently to be found in the Code of Civil Procedure's very liberal rules relative to the amendment of pleadings. LSA-C.C.P. Arts. 1151-1156." Guidry v. Barras, 368 So.2d 1129, 1131-32 (La.App. 3d Cir.1979), citing 30 La.L.Rev. 326 and Pugh on Evidence, p. 437. As to the procedural issue, this court has already ruled finding that the trial court did not abuse its discretion.
As to the second argument raised by BANK, a review of the record indicates that BANK concedes that VOYAGER made an error of fact and that it did not learn of its mistake until the taking of BANK'S employees' depositions. The record indicates that the trial court noted VOYAGER'S error of fact specifically as a basis for its ruling. We agree with the trial court's finding. Accordingly, we find that the trial court's ruling is consistent with Louisiana Civil Code article 1853. In addition, we find that the trial court's ruling is consistent with the principle of preclusion even though we are not prepared to rule that the principle is applicable in Louisiana.

Conclusion
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are to be paid by plaintiff-appellant.
AFFIRMED.
NOTES
[1] A supplemental pleading is one which supplements, adds to or continues the original pleadings. For example, a supplemental complaint differs from an amended complaint in that the amended complaint covers matters which occurred before the original complaint was filed and which were either overlooked by the pleader or were unknown to him at the time. Wallace v. Hanover Insurance Company of New York, 164 So.2d 111, 119 (La.App.1964), citing Barron and Holtzoff, § 455 page 821 and cases cited therein.
[2] Comments to article 1853 state that it reproduces the substance of former Civil Code article 2291 (1870) and does not change the law.