# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 19-186

HERBERT G. BLISS

VERSUS

LAFAYETTE PARISH SCHOOL BOARD

SALES TAX DIVISION, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20175290
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Phyllis M. Keaty, and Jonathan W. Perry, Judges.

AFFIRMED.

**Drew M. Talbot**
**Rainer Anding & Talbot**
**8480 Bluebonnet Boulevard, Suite D**
**Baton Rouge, LA 70810**
**(225) 766-0200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lafayette Parish School Board Sales Tax Division**
    **Brent  Hebert**

**Adam G. Young**
**Meade Young, LLC**
**556 Jefferson Street, Suite 200**
**Lafayette, LA 70501**
**(337) 534-0200**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Herbert G. Bliss**

**SAUNDERS, Judge.**

This is a tax collection case. Tax collector followed the procedure outlined in La.R.S. 47:337.51 and issued a notice of assessment to Taxpayer. Taxpayer attempted to challenge the assessment by filing a declaratory judgment suit in the trial court without first paying the amount assessed under protest. The trial court found that this challenge was not allowed under La.R.S. 47:337.51, as the assessment was final. Taxpayer has appealed.

## FACTUAL AND PROCEDURAL HISTORY:

During all relevant periods at issue, Herbert Bliss operated as a sole proprietorship doing business under the trade name, "Cork's Automotive" (Taxpayer). Taxpayer makes repairs to automobiles for his customers in Lafayette Parish. Repairs to articles of tangible personal property, such as automobiles, are one of the specifically enumerated services subject to state and local taxes. As such, Taxpayer is a "dealer" required to charge, collect, and remit Lafayette Parish sales taxes to Collector on taxable sales made by him.

The Lafayette Parish School Board, a political subdivision of this state authorized to collect local sales and use tax (Collector)[1], conducted a sales and use tax compliance audit of Taxpayer for the tax period beginning January 1, 2014 continuing through December 31, 2016. As part of the Collector's audit, Collector reviewed certain sales records in Taxpayer's possession, care, custody and control. The audit revealed a substantial sales and/or use deficiency. Collector, in conformity with La.R.S. 47:337.48(B), issued to Taxpayer a thirty-day Notice of Intent to Assess.

---

[1] A "political subdivision" is any parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency. La.R.S. 13:5102.

In response to the Notice of Intent to Assess, Taxpayer requested a hearing pursuant to La.R.S. 47:337.49, to raise any factual or legal objections to the assessment. Taxpayer's protest alleged that certain taxable repair transactions were, in fact, transactions related to work covered under a warranty, and thus, not taxable.

On August 2, 2017, pursuant to a previous scheduling agreement, Taxpayer's protest hearing was held at Taxpayer's counsel's office; Collector's auditor, Brent Hebert (Mr. Hebert), appeared in person on behalf of Collector; and Taxpayer's counsel advised Mr. Hebert that supplemental information regarding the underlying substantive tax would be provided "in the next 5 business days." Thereafter, Collector twice extended Taxpayer's deadline to produce the supplemental sales records.

On August 17, 2017, after receipt and review of the additional records provided by Taxpayer, Collector made its final determination and issued a "Notice of Assessment and Right to Appeal" to Taxpayer notifying Taxpayer that "he has thirty calendar days from the date of the notice to do any of the following: (a) Pay the amount of the assessment; (b) Appeal to the Board of Tax Appeals for redetermination of the assessment; or (c) Pay under protest in accordance with La.R.S. 47:337.63, and then either file suit or file a petition with the Board of Tax Appeals, all as provided for in that Section." The Assessment was received by Taxpayer.

On September 14, 2017, in response to Collector's Notice of Assessment, Taxpayer filed suit in the Fifteenth Judicial District Court, Parish of Lafayette, seeking a judgment declaring that the Assessment is "null and void." Alternatively, Taxpayer's suit seeks a declaration that the Assessment is inaccurate and improperly calculated. Taxpayer's suit also seeks a money judgment for alleged "damages" against Collector's auditor, Brent Hebert (Mr. Hebert), personally.

2

Collector responded to Taxpayer's Petition by filing the Peremptory Exceptions of Peremption, No Cause of Action and No Right of Action, and the Declinatory Exception of Lack of Jurisdiction over the Subject Matter (collectively referred to hereafter as the "Exceptions"). Mr. Hebert responded to the Petition by filing the Peremptory Exception of No Cause of Action.

The trial court heard and sustained Collector's Exceptions and dismissed Taxpayer's Petition with prejudice. As part of the trial court's analysis and based upon the representations and arguments of Taxpayer, the trial court found that there was no possible way for Taxpayer to cure any pleading defects given Taxpayer's admission that he did not respond to the Assessment within thirty calendar days to protest or appeal the Assessment in any of the manners specifically enumerated by law. Similarly, based upon its reasoning and rationale for granting Collector's Exceptions, the trial court also granted Mr. Hebert's Peremptory Exception of No Cause of Action and dismissed Taxpayer's Petition, with prejudice, as to Taxpayer's claims made against him personally.

The trial court signed a judgment in accordance with its ruling granting Collector's Exceptions. In response to the judgment, Taxpayer filed a Motion requesting a New Trial. Taxpayer's Motion was set for hearing, and the trial court heard Taxpayer re-argue his previously rejected arguments. Thereafter, the trial court denied Taxpayer's Motion for New Trial and rendered judgment accordingly. Taxpayer appeals this judgment, alleging four assignments of error.

## ASSIGNMENTS OF ERROR

1. The trial court erred in finding the Plaintiff failed to state a cause of action for declaratory judgment because the Plaintiff did not allege he paid assessed taxes in protest before filing suit for a declaratory judgment on the validity of the assessment itself.

3

2. The trial court erred in finding the Petition failed to state facts supporting an exception to the qualified immunity provisions of La.R.S. 9:2798.1.

3. The trial court erred [sic] applying the incorrect legal standards to the exception of no cause of action.

4. The trial court erred by failing to grant Plaintiff leave to file an amended petition.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Taxpayer's first assignment of error is that the trial court erred in finding that he failed to state a cause of action for declaratory judgment. We find no merit to this assignment of error.

This court reviews legal conclusions of the trial court using a de novo standard of review. "The interpretation of the statutory law presents us with a question of law which is reviewed under a *de novo* standard of review." *State v. McKinnies*, 13-1412, p. 7 (La. 10/15/14), 171 So.3d 861, 867.

The Uniform Local Sales Tax Code found at La.R.S. 47:337.1 through 337.64 (the "ULSTC") is the body of law that governs the "assessment, collection, administration and enforcement" of local sales and use taxes. *See* La.R.S. 47:337.2A(1)(b). The Supreme Court has stated, "It is well settled that laws regulating the collection of taxes," such as the ULSTC, "are *sui generis* and constitute a system to which the general provisions of the Civil Code have little, if any application." *Church Point Wholesale Beverage Co., Inc. v. Tarver,* (La.2/22/93), 614 So.2d 697, 708.

Guided by this principle of law, we review the unique *sue generis* substantive and procedural statutes found in the ULSTC at La.R.S. 47:337.48 through La.R.S. 47:337.64.

4

Louisiana Revised Statutes 47:337.48(A)(1) provides, in pertinent part:

> If a taxpayer fails to make and file any return or report required by the provisions of the local ordinance . . . the collector shall determine the tax, penalty, and interest due by estimate or otherwise. Having determined the amount of tax, penalty, and interest due, the collector shall send by mail a notice to the taxpayer . . . setting out his determination and informing the person of his purpose to assess the amount so determined against him after fifteen calendar days from the date of the notice.

Louisiana Revised Statutes 47:337.49(A) provides, in pertinent part:

> The taxpayer, within fifteen calendar days from the date of the notice provided in R.S. 47:337.48(A) or within thirty calendar days from the date of the notice provided in R.S. 47:337.48(B), may protest . . . in writing and should fully disclose the reasons, together with facts and figures in substantiation thereof, for objecting to the collector's determination. The collector shall consider the protest, and shall grant a hearing thereon, before making a final determination of tax, penalty, and interest due.

Louisiana Revised Statutes 47:337.51(A)(1) provides that a tax collector shall send a notice of the assessment to the taxpayer and shall inform the taxpayer that he has "thirty calendar days from the date of the notice" to do any of the following:

> (a) Pay the amount of the assessment.
>
> (b) Appeal to the Board of Tax Appeals for redetermination or assessment.
>
> (c) Pay under protest in accordance with R.S. 47:337.63, and then either filed suit or file a petition with the Board of Tax Appeals, all as provided for in that Section.

As provided in La.R.S. 47:337.51(B), a dealer who disputes "any findings or assessment of the collector" may, "within thirty days of the receipt of notice of the assessment or finding," do any of the following:

> (1)(a) File an appeal from the decision of the collector directed to the Board of Tax Appeals.
>
> (b) Pay under protest in accordance with R.S. 47:337.63, and either file suit as provided for in that Section, or file a petition with the Board of Tax Appeals, as provided in that Section.

5

In *Jefferson Davis Parish School Board, ex rel v. Louisiana Machinery Rentals, LLC.*, 11-510, 11-512, pp. 4-5 (La.App. 3 Cir. 10/5/11), 74 So.3d 1272, 1275-76, *writ denied,* 11-2437 (La. 1/13/12), 77 So.3d 972, this Court noted:

> "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. We find the language of La.R.S. 47:337.51(B) to be clear. A [Taxpayer], has three avenues it could take once it receives an assessment: file an appeal to the assessment, pay the assessment under protest, or simply pay the assessment. Each avenue requires the dealer to take action once it receives an assessment. If no action is taken by the [Taxpayer], the assessment becomes final. This interpretation is consistent with this court's finding in *Lafayette Parish School Board v. Simmons*, 09-926, p. 1 (La.App. 3 Cir. 3/17/10), 33 So.3d 973, 974, wherein it stated, "the School Board's Sales and Use Tax Collection Division issued a Notice of Assessment in accordance with La. R.S. 47:337.51, which required action on the part of the defendants within sixty days. A failure to act within the sixty-day period results in a final enforceable assessment."

Taxpayer argues that as a result of Collector's audit he received a Notice of Intent to Assess which he timely protested. Taxpayer asserts that due to Collector's failure to conduct a hearing on his tax protest, he is entitled to a declaration that the assessment is "null and void." Alternatively, Taxpayer contends that he is entitled to a declaration that the Assessment is inaccurate and improperly calculated. Taxpayer concedes that Collector's auditor, Mr. Hebert, met with Taxpayer's counsel in person on behalf of Collector to discuss what accounting methods and other sources of proof would be needed to resolve the issue raised. However, Taxpayer avers that because no examinations were made, no testimony was offered, and no record was created, Taxpayer was not afforded a fair hearing. Taxpayer maintains that because the requirements of La.R.S. 47:337.49 were not met before Collector issued the final assessment, La.R.S. 47:337.51(B)(1) cannot apply to require a Taxpayer to pay in protest before bringing a declaratory judgment action.

Collector argues that its pre-assessment procedure was proper. Collector maintains that although "hearing" is not defined in the ULSTC, Taxpayer offered a definition of "hearing" in his original brief, which he cites from Black's Law Dictionary as "Any setting in which an affected person presents arguments to a decision-maker." Collector contends that accepting all allegations set forth in Taxpayer's Petition and the documents annexed thereto as true, Taxpayer received a "hearing" by his own proposed definition.

We find that the pre-assessment procedure was proper. "Hearings" are not defined within the ULSTC, and as such no specific format is sacrosanct. What is required is that the taxpayer be given an opportunity to present his position and that the collector is able to hear and consider this contention. We find that Taxpayer received a fair hearing pursuant to La.R.S. 47:337.49. First, the "hearing" took place in person at Taxpayer's counsel's offices pursuant to scheduling between Collector and Taxpayer's counsel. Second, Taxpayer's counsel made arguments on behalf of Taxpayer, the affected person. Third, Taxpayer admits that there was a discussion between Collector's auditor, Mr. Hebert, and Taxpayer's counsel regarding submitting additional records to Collector. Finally, the "hearing" was with Collector's auditor, Mr. Hebert. Mr. Hebert was the person in charge of holding the hearing, receiving supplemental documentation, and rendering a final determination. In addition, Collector twice extended Taxpayer's deadline to produce the supplemental records. Thereafter, Collector reviewed the supplemental records prior to rendering its decision. Taxpayer has not and cannot point to any authority that supports the proposition that the legislature intended for individuals in local governments to follow a specific format in order to meet the definition of a "hearing" pursuant to the ULSTC. Our reasons for finding that Taxpayer received a fair hearing are that the record shows that Taxpayer was given an opportunity to

present his position and Collector was able to hear and consider this contention. There has been no claim that Collector's Assessment notice failed to adequately and properly advise Taxpayer of his administrative rights in accordance with La.R.S. 47:337.51(A). Under this statute, the *only* forum which Taxpayer can protest the Notice of Assessment and seek judicial review and potential redetermination *without* first paying the tax under protest is in the Louisiana Board of Tax Appeals. The suit record clearly shows that Taxpayer failed to timely act to properly appeal or protest Collector's Assessment in any of the manners specifically enumerated by law. Accordingly, we find no error in the trial court's ruling that in order for Taxpayer to pursue his action in the trial court, Taxpayer was first required to pay the amounts assessed under protest, which he failed to do.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Taxpayer's second assignment of error is that the trial court erred in finding that the Petition failed to state facts supporting an exception to the qualified immunity provisions of La.R.S. 9:2798.1. We find no merit to this assignment of error.

"Appellate courts may not disturb the fact findings of the trier of fact in the absence of manifest error." *Mart. v. Hill*, 505 So.2d 1120, 1127 (La.1987) (quoting *Arceneaux v. Domingue*, 365 So.2d 1330, 1333 (La.1978)). A two part test is required for reversal of factual, findings of the trial court: "(1) The appellate court must find from the record that there is a reasonable factual basis for the finding of the trial court; and (2) The appellate court must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous)." *Id* at 1127.

8

La.R.S. 9:2798.1[2] exempts public entities and their employees from liability for their "discretionary or policy-making acts*." Hardy v. Bowie,* 98-2821, p. 9 (La. 9/08/99), 744 So.2d 606, 613 '"Under [the discretionary function] doctrine, governmental decision makers exercising discretionary functions are immune from suit, because the courts should not chill legislative discretion in policy formation by imposing tort liability for discretionary decision."' *Id.* (quoting Ferdinand F. Stone and Andrew Rinker, Jr., *Governmental Liability for Negligent Inspections*, 57 Tul.L.Rev. 328, 346 (1982)) (alteration in original).

Taxpayer argues that he is entitled to a money judgment for alleged "damages" against Collector's auditor, Mr. Hebert. Taxpayer's complaints against Mr. Hebert center around the challenge to a sales tax assessment, and allegations regarding pre-assessment procedures carried out by Mr. Hebert on Collector's behalf, which

---

[2] Louisiana Revised Statutes 9:2798.1 states reads:

A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. The provisions of Subsection B of this Section are not applicable:

(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.

allegedly deprived Taxpayer of a hearing and caused him to pay more in sales taxes than he lawfully should be made to pay. Specifically, Taxpayer asserts that Mr. Hebert: (1) made misstatements that a hearing had taken place instead of a "meeting"; (2) arbitrarily denied a request to continue a re-scheduled hearing; (3) created the impression that Taxpayer could submit more information relating to the Assessment that would be considered at a hearing; and (4) ignored evidence submitted by Taxpayer and caused the Assessment to be wrongfully issued.

Collector argues that where, as here, Appellees are political subdivisions and employees thereof, they are exempt from liability for any negligence, if it is a duty owed to the general public as opposed to a duty owed to an individual plaintiff. *See Dufrene v. Guarino*, 343 So.2d 1097 (La.App. 4 Cir.), *writ denied*, 343 So.2d 1069 (La.1977). Collector asserts that it, through its employee, Mr. Hebert, was performing a discretionary act – determining when, where, and in what format to hold an administrative hearing – as contemplated by La. R.S. 9:2798.1. Collector contends that Mr. Hebert's holding of the hearing and determination of the tax due after consideration of Taxpayer's protest is a duty owed to the general public that falls within the Collector's discretion. Collector maintains that specifically, La.R.S. 47:337.50(B) provides, in pertinent part:

> At the expiration of thirty calendar days from the date of the collector's notice provided in R.S. 47:337.48(B), or at the expiration of such time as may be necessary for the collector to consider any protest filed to such notice, the collector shall proceed to assess the tax, penalty, and interest that he determines to be due under the provisions of the local ordinance and this Chapter.

We find that Taxpayer's counsel participated in the hearing with Collector, including the submission of arguments and documents purporting to support those arguments, and that Mr. Hebert heard those arguments and reviewed those documents prior to making a determination of the tax to be due, and issuing the Assessment. To

state a cause of action that overcomes discretionary immunity under La.R.S. 9:2798.1, a Taxpayer must allege facts sufficient to show a causal link between the alleged misconduct and the damages suffered. *See Cochran v. Caruso,* 15-413 (La.App. 5 Cir. 12/3/15), 182 So.3d 1173. Here, Taxpayer was afforded a fair hearing within the meaning of the ULSTC and the pre-assessment procedure was correct. As such, the record suggests that there is no factual basis to be found in Taxpayer's allegations against Mr. Hebert sufficient to trigger the exception to immunity found in La.R.S. 9:2798.1. Accordingly, we find no error in the trial court's ruling that Taxpayer's Petition failed to state facts supporting an exception to the qualified immunity provisions of La.R.S. 9:2798.1.

**ASSIGNMENT OF ERROR NUMBER THREE:**

Taxpayer's third assignment of error is that the trial court erred in applying the incorrect legal standards to the exception of no cause of action. Our finding in assignment of error number one, that Taxpayer failed to timely act to properly appeal or protest Collector's Assessment in any of the manners specifically enumerated by law, and in assignment of error number two, that Taxpayer's Petition failed to state facts supporting an exception to the qualified immunity provisions of La.R.S. 9:2798.1, pretermits a finding in this assignment of error.

**ASSIGNMENT OF ERROR NUMBER FOUR:**

Taxpayer's fourth assignment of error is that the trial court erred by failing to grant Plaintiff leave to file an amended petition.

"Amendment of pleadings should be liberally allowed, provided that the movant is acting in good faith, amendment is not sought as delaying tactic, opponent will not be unduly prejudiced, and the trial of issues will not be unduly delayed." *Kold, Inc. v. H&A Gas Purchasing, Inc.,* 609 So.2d 328, 329-30 (La.App. 3 Cir. 1992). "[L]eave to amend should always be given '[i]n the absence of futility of

11

amendment.'" *Farmers–Merchants Bank and Trust Co. v. St. Katherine Ins., 93–552 (La.App. 3 Cir. 3/9/94), 640 So.2d 353, 356, writ denied, 94-841 (La.5/13/94), 641 So.2d 204.* The record reflects that based upon representations and arguments of Taxpayer, the trial court found no possible way for Taxpayer to cure any pleading defects given Taxpayer's admission that he did not respond to the Assessment within thirty calendar days to protest or appeal the Assessment in any of the manners specifically enumerated by law. Further, Taxpayer failed to state facts supporting an exception to the qualified immunity provisions of La.R.S. 9:2798.1. Accordingly, we find no error in the trial court's ruling on this issue.

## CONCLUSION:

Taxpayer, Herbert Bliss, asserts four assignments of error as to why the trial court erred in granting Collector, Lafayette Parish School Board's, Exceptions and dismissing Taxpayer's declaratory judgment suit with prejudice. Finding no merit to Mr. Bliss' first assignment of error, that the trial court erred in finding Taxpayer failed to state a cause of action for declaratory judgment because Taxpayer did not allege that he paid assessed taxes in protest before filing a declaratory judgment on the validity of the assessment itself, we affirm the trial court's ruling on this issue. Finding no merit to Mr. Bliss' second assignment of error, that the trial court erred in finding that the petition failed to state facts supporting an exception to the qualified immunity provisions of La.R.S. 9:2798.1, we affirm the trial court's ruling on this issue. Our findings in assignment of errors number one and two pretermits a finding in assignment of error number three. Finding no merit to Mr. Bliss' fourth assignment of error, that the trial court erred by failing to grant Plaintiff leave to file an amended petition, we affirm the trial court's ruling on this issue.

12

Cost of these proceedings are assessed to Taxpayer, Herbert G. Bliss.

**AFFIRMED.**