LOBRANO, Judge.
The issue presented for our review is whether a slightly elevated sewer manhole cover which allegedly caused damage to the underside of plaintiff’s vehicle presents an unreasonable risk of harm under the provisions of Civil Code Article 2317.
Plaintiff filed suit against the Sewerage And Water Board (Board) and the City of New Orleans (City) for $2,129.39 worth of damages to the underside of his vehicle. He alleges that a sewer manhole cover located at the intersection of Willow and Calhoun Streets was approximately four inches higher than the surrounding street surface> and that this raised area damaged his vehicle as he drove over it.
The trial court held both the Board and the City liable in soldio. Since plaintiff had settled with the City prior to trial, the Board was cast for 50% of the damages or $1,109.70.
The Board perfects this appeal asserting there is no liability on its part. Plaintiff answered the appeal asserting the Board should be 100% liable.
On July 26, 1982 at approximately 10:00 p.m., plaintiff was returning home from a concert at Tulane University. Upon approaching the intersection of Willow and Calhoun Streets he felt the bottom of his car strike something. A few blocks later he stopped to examine his car but could see no visible damage. When he returned home he noticed the car was leaking oil. The next day he followed the trail of oil to a manhole cover on Willow and Calhoun Streets. Plaintiff took photographs which were admitted into evidence that show the manhole cover to be higher than the surrounding street. Although no actual measurements were taken plaintiff estimated the elevation difference between the cover and the street to be four inches.
The record shows that there were no prior complaints or accidents concerning the manhole cover at this location. We are convinced that the street sinking in this area was not caused by a leak or defect in any Sewerage and Water Board equipment or facility, but was the result of soil subsidence and, possibly, the roots of large trees.
Historically a municipality had a duty to correct a dangerous condition not caused through the negligence of its employees only if it had actual or constructive notice of the condition. Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975). In 1976 our Supreme Court decided Loescher v. Parr, 324 So.2d 441 (La.1976) wherein liability was imposed under Article 2317 of the Civil Code. Article 2317 liability was made applicable to municipalities in Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980). In that case the Court reiterated its holding in Loescher, supra, that an injured party seeking damages under Article 2317 must prove that the thing which caused the damage was in the care or custody of the defendant, that the thing had a vice or defect, that is, that it occas-sioned an unreasonable risk of injury to another, and that his injury was caused by *15 the defect. Once these elements are proved, the custodian can escape liability only by showing that the harm was caused by the fault of the victim, by the fault of a third party, or by an irresistible force.
Jurisprudence subsequent to these two cases have held that a custodian will not be held responsible for every injury resulting from any risk, but only those injuries caused by an unreasonable risk of harm, Ship v. City of New Orleans, 395 So.2d 727 (La.1981), and that proof of a defect is not achieved by the mere showing that an accident or injury occurred. Broussard v. Pennsylvania Mutual Ins. Co., 406 So.2d 574 (La.1981).
We are convinced from a reading of the record that the defect which caused the damage to plaintiff’s vehicle was the sunken street, and not the manhole cover. The testimony is clear that the sewer system was in good working order and had no leaks, or other problems which may have caused the street to subside. There is no evidence whereby we can conclude that the defective thing, i.e. the street, was in the care, custody or control of defendant, Sewerage and Water Board, or was their responsibility. We therefore conclude that the trial court was in error in holding the Board responsible.
For the reasons assigned, the judgment of the lower court is reversed.
REVERSED.