513 So.2d 379 (1987)
Christina BROWN
v.
The STATE OF LOUISIANA, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT (OFFICE OF HIGHWAYS), the City of New Orleans, and the Sewerage and Water Board of New Orleans.
No. CA 7000.
Court of Appeal of Louisiana, Fourth Circuit.
September 15, 1987.
Writ Denied November 30, 1987.
*380 Allain F. Hardin, Wiedemann & Fransen, New Orleans, for plaintiff.
Norman L. Sisson, William W. Irwin, Sharon F. Lyles, David N. Crawford, Baton Rouge, for Louisiana Dept. of Transp. and Development.
Michelle M. Ostrander, New Orleans, Sewerage and Water Bd. of New Orleans.
Okla Jones, II, City Atty., Kathy Lee Torregano, Asst. City Atty., New Orleans, for The City of New Orleans.
Before SCHOTT, CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
This is an appeal from a suit for damages instituted by Christina Brown against The State of Louisiana, Department of Transportation and Development, The City of New Orleans, and the Sewerage and Water Board of New Orleans arising out of a slip and fall accident on December 15, 1983, on the sidewalk in the 4300 block of Hollygrove Street in the City of New Orleans.
Plaintiff initially sued the Department of Transportation and the Sewerage and Water Board. The Sewerage and Water Board filed a cross-claim against the Department of Transportation and Development and a third-party demand against the City of New Orleans. The Department of Transportation and Development filed a cross-claim against the Sewerage and Water Board and a third party demand against the City of New Orleans. Plaintiff subsequently added the City of New Orleans as an additional defendant.
At trial all parties stipulated to damages, both special and general, in the sum of $10,580.00 should judgment be rendered in favor of plaintiff. After trial judgment was rendered in favor of plaintiff and against the Department of Transportation and Development, State of Louisiana and the City of New Orleans, jointly and in solido; the suit against the Sewerage and Water Board was dismissed.
The Department of Transportation and Development and the City of New Orleans both appealed suspensively.

Facts
On or about December 15, 1983, in the evening hours, petitioner was walking in the 4300 block of Hollygrove Street in the City of New Orleans and tripped on a raised area of concrete supporting a manhole cover. At its highest point, the slab supporting the manhole is approximately four inches higher than the surrounding pavement. The manhole cover bore the initials "LDH" and was part of an underground drainage structure built by defendant DOTD for the purpose of draining a portion of the interstate highway in New Orleans.
As a result of the fall plaintiff sustained injury to her ankle. She testified that she did not see the raised concrete area because of the darkness and that she was not familiar with the area, having recently moved into the neighborhood. None of the appellants argue that plaintiff is not entitled to judgment against one of the defendants. Each contends, however, that the others are legally responsible.
The trial judge rendered the following reasons for judgment:

Reasons for Judgment
The manhole slab was designed and built by the State Highway Department.
There is no showing of an agreement by the Sewerage & Water Board to maintain this facility.
There is no showing that the Sewerage & Water Board constructed or maintained this facility.
There are no statutes obligating the Sewerage & Water Board to maintain this facility.
The City of New Orleans has an obligation to maintain the sidewalks in the City of New Orleans in a safe condition.
*381 This, they failed to do.

Liability of DOTD
The Department of Transportation and Development urges on appeal that the trial court erred in holding that there are no statutes obligating the Sewerage and Water Board to maintain the drainage line. The Department relies on La.R.S. 33:4071, which, at the time of the accident provided:
"The public water system, the public sewerage system, and the drainage system of the City of New Orleans shall be constructed, controlled, maintained and operated by a Sewerage and Water Board to be composed as follows: ..."
The Department of Transportation and Development reasons that this drainage line is part of the "drainage system of the City of New Orleans" even though it was conclusively proven at trial that the drainage line was installed under a State of Louisiana contract by a contractor hired by the State, that the State owns the drainage line and that the line drains solely the interstate highway, there being no connections to the line to furnish subsurface drainage to any City streets. The drainage line empties into the Palmetto Street Canal of the Sewerage and Water Board.
La.C.C. Art. 453 in effect at the time of construction of the drainage line provided:
"Public things are those, the property of which is vested in the whole nation, and the use of which is allowed to all members of the nation: of this kind are navigable rivers, seaports, roadsteads and harbors, highways and the beds of rivers, as long as the same are covered with water." [emphasis added]
Since 1974, this issue has been governed by La.C.C. Art. 450:
"Public things are owned by the state or its political subdivisions in their capacity as public persons."
The Department of Transportation and Development urges us to conclude that:
1) The drainage line is part of a state highway;
2) Highways are public things (La.C.C. Art. 453);
3) This "public thing" is part of the public drainage system of the City of New Orleans. (La.R.S. 33:4071);
4) The sewerage and Water Board has the duty to maintain the drainage line (La.R.S. 33:4071);
5) The Department of Transportation and Development has no liability to plaintiff because its duty to maintain was delegated by statute to the Sewerage and Water Board.
The Sewerage and Water Board vehemently denies that maintenance of the drainage line is its responsibility, relying upon the language of La.R.S. 33:4071 which defines the drainage system of the City of New Orleans as that which "shall be constructed, controlled, maintained and operated by a sewerage and water board." (Emphasis added.) The Board denies that it has any legal responsibility for subsurface drainage (i.e., this drainage line) as the City of New Orleans is given this responsibility under the Code of the City of New Orleans, Chapter 61, Home Rule Charter of the City of New Orleans, Article II, Article IV, (Chapter 9, Section 4-901 et seq.), Article VII, (Section 7-101 et seq., particularly Sec. 7-103), and Act 338 of 1936, the terms of which are carried into present law in both the City Code and City Charter. Finally the Board urges that its maintenance responsibilities are limited to the "Primary Drainage System" defined in the Rules of the Sewerage and Water Board as:
A system of open or closed canals together with drainage pumping stations that accumulate storm-water within a defined area and discharges [sic] the stormwater into tide level streams or lakes.
The Board contends that the ownership of subsurface drainage facilities remains in the parties that construct them, whether they be private developers and property owners, the City of New Orleans or the State of Louisiana, and the Board assumes no responsibility for their maintenance even though the Board's permission must be obtained before any new facility may be tied into the public drainage system.
Finally, evidence was introduced to show that in those instances where the Board *382 does maintain subsurface drainage structures located in the state highway system, that this work is undertaken by contract with the Department of Transportation and Development and that the Board charges the Department of Transportation and Development and is paid for these services. This drainage line, the "Hollygrove Outfall" system, is not included in the agreement with the State.
The State has primary responsibility for the maintenance of state highways, including drainage ditches and subsurface drainage structures. La.R.S. 48:1 (11) and (13); La.R.S. 48:21; Guillote v. Department of Transportation and Development, 503 So.2d 618 (La.App. 4th Cir.1987) and cases cited therein. The Department of Transportation and Development may construct and maintain canals, ditches or drains sufficient to properly drain any highway, and may prevent and prohibit the connection of any drainage canal or ditch with the highway drainage facilities. La.R.S. 48:223. The State is also subject to liability without fault under La.C.C. Art. 2317. Hardy v. State, through Department of Highways, 404 So.2d 981 (La.App. 3d Cir.1981), writ denied, 407 So.2d 741 (La.1981); Garrison v. State, through Department of Highways, 401 So.2d 528 (La.App. 2d Cir.1981); Guillote v. Department of Transportation and Development, supra.
The Department of Transportation and Development may contract out highway maintenance to a municipality, La.R.S. 48:261, but there is no claim that such a contract exists in this case.
Our review of the pertinent laws previously cited by both the Department of Transportation and Development and the Sewerage and Water Board leads us to conclude that the trial judge was correct in finding that the Sewerage and Water Board had no obligation to maintain this drainage line. The drainage line is an integral part of the state highway system. It was constructed by and is owned by the State of Louisiana. It drains a state highway and no other street. The Department of Transportation and Development is mandated to maintain state highways, including drainage structures, and no contract exists whereby the Board assumed that responsibility. Finally, we hold that La.R.S. 33:4071 imposes no obligation upon the Sewerage and Water Board to maintain subsurface drainage facilities which are part of the state highway system.
We further find that the condition of the drainage manhole whereby it protruded several inches above the sidewalk presented a hazard which was the legal cause of plaintiff's injuries. Although there is no evidence that the Department was aware of this condition, even without knowledge the Department of Transportation and Development would be liable under La.C.C. Art. 2317. Their liability is not absolute but strict, subject to the defenses of victim fault, fault of a third person, or action by an irresistible force. See Shipp v. City of Alexandria, 395 So.2d 727 (La.1981).
The Department of Transportation and Development has not claimed action by an irresistible force nor has it urged victim fault. It's claim of fault of a third person, i.e., the Sewerage and Water Board, has been denied. Accordingly the judgment against the Department is affirmed.

Liability of City of New Orleans
The City of New Orleans was cast in judgment, in solido, with the Department of Transportation and Development because the trial judge found that the City failed in its obligation to maintain the sidewalk in a safe condition. The City urges in brief that it has no liability in this case absent notice of the defect and failure within a reasonable time to correct it.[1]
The sidewalk in question was replaced in its entirety in 1961 when the state, through its contractor, installed the 42 inch drainage line in the sidewalk right of way and installed a new sidewalk. At predetermined intervals manhole cleanouts were installed *383 with the manhole covers initially being flush with the new sidewalk. Over the passage of time the sidewalk has settled to a lower level but the manhole covers remained at their original elevations because the foundation beneath the structure prevented any sinkage. Plaintiff tripped over one of the manhole covers.
The drainage line and manhole cover are the property of the State of Louisiana, Department of Transportation and Development. There is no evidence that the City of New Orleans had actual or constructive knowledge of the hazardous condition presented by the protruding manhole covers. Absent ownership or custody of the manhole cover the City's liability must be based on negligence, and proof of notice of the defect is required when the plaintiff contends that a public body was negligent by virtue of its failure to correct a dangerous condition caused by others. Jones v. City of Baton Rouge, 388 So.2d 737 (La.1980). There was no showing of notice of the defect or of negligence on the part of the City. Accordingly the Department of Transportation and Development, because of its ownership and custody of the manhole cover bears the full responsibility for plaintiff's injuries. Jones v. City of Baton Rouge, supra. Plaintiff's suit against the City of New Orleans should have been dismissed.

Decree
Accordingly, the judgment of the district court in favor of plaintiff and against the Department of Transportation and Development of the State of Louisiana is affirmed. The judgment is reversed insofar as it cast the City of New Orleans in judgment. The cross claims and third-party demands against the City of New Orleans and the Sewerage and Water Board are dismissed. The judgment dismissing plaintiff's suit against the Sewerage and Water Board is affirmed.
AFFIRMED IN PART, REVERSED IN PART.
NOTES
[1] This accident occurred prior to the enactment of Act 454 of the 1985 legislature which provides by statute (La.R.S. 9:2800) a requirement of actual or constructive notice before a public body may be held liable under La.C.C. Art. 2317 for damages caused by the condition of things within its care or custody.