I!ARMSTRONG, Judge.
This is a personal injury case. The plaintiff, Wayne Coleman, appeals from a summary judgment in favor of one of the defendants, the Sewerage and Water Board of New Orleans (“S & WB”). Mr. Coleman was injured in a bicycle accident involving a drain or manhole in the St. Thomas Housing Project. The only issue on appeal, which is an issue of law, is whether the S & WB is statutorily responsible for the drain or manhole cover. We find that the S & WB is not made responsible for that drain or manhole by the relevant statute and, therefore, we affirm the trial court judgment.
Mr. Coleman alleges that he was riding a bicycle in a courtyard of the St. Thomas Housing Project when one of the bicycle’s wheels fell into an uncovered drain or manhole cover which was hidden by overgrown grass. As a result, he alleges he was thrown over the handlebars of the bicycle and injured.
Mr. Coleman sued the Housing Authority of New Orleans (“HANO”), which owns and operates the housing project, the City of New Orleans and the S & WB. The S & WB moved for summary judgment on the ground that it is not responsible for the drain or manhole in the housing project. In support of its motion for summary judgment, the S & WB'filed an affidavit establishing that: (1) the drain or manhole was installed during ^construction of the housing project; (2) the drain or manhole is part of the housing project; (3) the drain or manhole is entirely within the boundaries of the housing project; (4) the drain or manhole is not owned by the 5 & WB; and, (5) the S & WB has not accepted for maintenance and does not maintain the drain or manhole. Mr. Coleman did not respond to the S & WB’s motion for summary judgment with any affidavits or discovery materials. He did file a memorandum opposing the S & WB’s motion for summary judgment.
Summary judgment should be granted if “there is no genuine issue as to material fact, and ... mover is entitled to judgment as a matter of law.” La.Code Civ.Proc. art. 966. When a motion for summary judgment is made and properly supported with affidavits or discovery materials “an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or [discovery materials], must set forth specific facts showing that there is a genuine issue for trial.” La.Code Civ.Proc. art. 967. Of course, caution should be exercised in granting a motion for summary judgment. E.g., Koenig v. New Orleans Public Service Inc., 619 So.2d 1127 (La.App. 4th 1993).
In the present case, it is readily apparent that there are no genuine issues of material fact. In part, this is because there are no affidavits or discovery materials disputing the affidavit submitted by the S & WB. In fact, even the opposing briefs are in agreement as to the material facts (which we have recited above). Moreover, the sole argument advanced by Mr. Coleman on appeal is that a particular statute makes the S & WB responsible for the drain or manhole in question and this raises an issue of law.
Mr. Coleman’s argument is that the S 6 WB is made responsible for the drain or manhole in the St. Thomas Housing Project because that housing project is located within the boundaries of the City of New Orleans and La.R.S. 33:4071(A)(1) provides:
The public water system, the public sewerage system, and the public drainage system of the City of New Orleans shall be *1053 constructed, controlled, maintained and operated by a sewerage and water board.... (emphasis added)
Mr. Coleman’s argument focuses on the use of the word “public” in the just quoted statute. Because the St. Thomas Housing Project is owned and operated by a governmental body, HANO, Mr. Coleman contends that the housing project’s premises, including the drain or l3manhole in question, are “public” property. Thus, Mr. Coleman contends, the drain or manhole is part of the “public drainage system” referred to in La.R.S. 33:4071(A)(1), and the S & WB is responsible for it.
The S & WB responds that, under La.R.S. 33:4071(A)(1), the “public drainage system” consists only of those drainage facilities which are “constructed, controlled, maintained, and operated” by the S & WB. In other words, the S & WB argues that the statute in effect defines the phrase “public drainage system” as the system of drainage facilities which are “constructed, controlled, maintained, and operated” by the S & WB. Thus, the S & WB contends, because the drain or manhole cover in question was not and is not “constructed, controlled, maintained, and operated” by the S & WB, La. R.S. 33:4071(A)(1) cannot be a basis for holding S & WB responsible for that drain or manhole.
We find the S & WB’s interpretation of the statute, La.R.S. 3:4071(A)(1), persuasive. The statute does not discuss the S & WB’s responsibility in terms of drainage facilities on “public” (i.e. governmentally-owned) property such as property owned and operated by HANO. Instead of mentioning public versus private property location of drainage facilities, the statute mentions specific activities of the S & WB (construction, control, maintenance and operation) toward drainage facilities. Thus, we think that the S & WB is correct that, when the statute speaks of the “public” drainage system, it is referring to the system of drainage facilities that is “eon-structed, controlled, maintained, and operated” by the S & WB.
Because the S & WB has established that it did not and does not construct, control, maintain or operate the drain or manhole in question, that drain or manhole is not part of the public drainage system referred to in La.R.S. 33:4071(A)(1) and that statute cannot be a basis for holding the S & WB responsible for that drain or manhole.[1]
|4Our conclusions as to the interpretation of La.R.S. 33:4071(A)(1) and its application in the present case are greatly strengthened and perhaps mandated by our previous decision in Brown v. State, Through Dept. of Transportation and Development, 513 So.2d 379 (La.App. 4th Cir.), writ denied, 515 So.2d 446 (La.1987). In Brown, a pedestrian tripped, fell and was injured on a manhole cover that protruded above the surface of a sidewalk. The Department of Transportation and Development contended that the S & WB was responsible pursuant to La.R.S. 33:4071. However, the evidence in Brown showed that the state highway department had constructed the manhole in question and that it was not maintained by the S & WB. We held that the S & WB had no responsibility for the manhole in Broivn:
Our review of the pertinent laws previously cited by both the Department of Transportation and Development and the Sewerage and Water Board leads us to conclude that the trial judge was correct in finding that the Sewerage and Water Board had no obligation to maintain this drainage line. The drainage line is an integral part of the state highway system. It was constructed by and is owned by the State of Louisiana. It drains a state highway and no other street. The Department of Transportation and Development is mandated to maintain state highways, including drainage structures, and no contract exists whereby the Board assumed that responsibility. Finally, we hold that La. *1054 R.S. 33:4071 imposes no obligation upon the Sewerage and Water Board to maintain subsurface drainage facilities which are part of the state highway system.
513 So.2d at 382.
We believe that Bronm is analogous to the present case because, in the present case, the S & WB has established several facts which are similar to the Brown case: the S & WB does not maintain the drain or manhole at issue, the S & WB does not operate the drain or manhole at issue and the drain or manhole at issue is part of a larger propei’ty (the housing project) run by another governmental body (HANO). Thus, as in Brown, we conclude that La.R.S. 33:4071 does not impose on the S & WB the responsibility for drainage facilities which are part of a larger property owned, operated and maintained by another governmental body.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. The S & WB also argues that, because the drain or manhole is located in and is a part of the St. Thomas Housing Project, it was and is constructed, controlled, maintained and operated by HANO pursuant to HANO's authority under La.R.S. 40:381 et seq., so that HANO is the party responsible for the drain or manhole. However, as HANO is not a party to the present appeal, we will not decide any issue as to HANO’s responsibility. The issue of HANO's liability must first be addressed in the trial court and can be reviewed in an appeal to which HANO is a party.