|2FOIL, Judge.
Defendant, State of Louisiana, through the Department of Transportation and Development (DOTD), challenges the trial court’s liability determination in this action for damages arising out of an automobile accident that left plaintiffs, Joyce G. Farley and Randall P. Thoms, with severe and permanent injuries. Finding no manifest error, we affirm.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
This case stems from a head-on collision between Ms. Farley’s vehicle and another vehicle driven by Randall Thoms. The accident occurred on December 22, 1992 at approximately 5:45 a.m. near the intersection of Louisiana Highways 431 and 931. Ms. Farley was traveling northbound on Hwy. 431 and Mr. Thoms was approaching from the opposite direction. At its intersection with Hwy. 931, Hwy. 431 curves to the right for northbound vehicles. The accident happened when Ms. Farley failed to negotiate the curve, crossed the center line and hit the Thoms vehicle head-on. Both Ms. Farley and Mr. Thoms were injured in the accident.
Ms. Farley and Mr. Thoms filed suit against DOTD, alleging its fault in the design *748 and maintenance of the highway. Mr. Thoms also filed suit against Ms. Farley. The two cases were consolidated and then bifurcated for separate trials on the issues of liability and quantum. The liability portion was tried on April 6, 1994. The trial court found both DOTD and Ms. Farley liable for causing the accident and allocated their fault at 75% and 25%, respectively. This appeal by DOTD followed.
Following a second trial, on quantum, a different trial court rendered judgment in the Farley case on November 27, 1995. The court awarded Ms. Farley $123,287.45 for past medical expenses, $20,000.00 for future medical expenses, and $725,000.00 in general damages. The trial court also awarded the other four plaintiffs, who are Ms. Farley’s adult children, $25,000.00 each Ron their loss of consortium claims. DOTD appealed the trial court’s quantum determination. We have rendered a separate opinion this date affirming the trial court’s award to Ms. Farley, and reducing the awards to her children for their loss of consortium claims in Docket numbers 96CA0538 consolidated with 96CA0539.[1]
LIABILITY
DOTD’s liability may arise under a theory of negligence, La. Civ.Code art. 2315, or a theory of strict liability, La. Civ.Code art. 2317. The distinction between recovery under these theories is that, under strict liability, the plaintiff is relieved of proving the owner or custodian of the thing which caused the damage knew or should have known of the risk involved. Campbell v. Louisiana Department of Transportation & Development, 94-1052, P. 4 (La.1/17/95); 648 So.2d 898, 901. Nevertheless, La. R.S. 9:2800 as applied to government defendants requires a plaintiff to prove that the public entity has “actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.” Therefore, under either theory the analysis is the same. Id.
In determining whether liability exists under a duty-risk analysis, a plaintiff must prove that the conduct in question was the cause-in-fact of the resulting harm, that defendant owed a duty to plaintiff which defendant breached and that the risk of harm was within the scope of protection afforded by the duty breached. Id. The duty of the state through DOTD is to keep the highways in a reasonably safe condition. Id. Whether DOTD breached its duty, that is, whether the roadway at the scene of the accident was in an unreasonably dangerous condition, will Ldepend on the facts and circumstances of each case. Id. at 901-902.
Plaintiffs in this case alleged that Louisiana Highways 431 and 931 are defectively designed and negligently maintained at the point where the accident occurred. The trial court found that the design of the road, even if defective, was not a cause of the accident. It did find, however, that DOTD is hable to plaintiffs for its failure to maintain a reasonably safe highway. In written reasons for judgment, the trial court stated that the evidence showed that the accident occurred at approximately 5:45 a.m., before sunrise. The weather report of the state’s climatologist indicated that fog was widespread and dense for the area where the accident occurred. State Police Officer Lee-land Tullier investigated the accident immediately after it occurred and reported that, when he arrived at the scene it was very foggy. He stated he almost ran into a pedestrian who flagged him down. The officer’s report further showed that the accident occurred at mile post 5.2 on Louisiana Highway 431 in Ascension Parish. The accident counts report submitted by the State pursuant to a Court order revealed that 35 accidents occurred at that location between the years 1982 and 1992. That report further revealed that of those 35 accidents, approximately 13 were right angle collisions and two were head-on collisions. Additionally, there were several sideswipe collisions. The trial *749 court found it clear that DOTD was aware that this particular intersection required attention and, thus, it had notice that the intersection presented a potential hazard to motorists.
As to the condition of the road, the trial court found that the striping at and near the intersection of Hwys. 431 and 931 was inadequate. Also, the defendant failed to provide adequate markings for motorists traveling through heavy fog. As such, the court concluded DOTD breached its duty to plaintiffs to maintain a reasonably safe highway, which breach was a contributing factor | gin causing the accident. The trial court noted that both Ms. Farley and Mr. Thoms testified that the paint striping was faded. Their testimony was supported by Officer Tullier’s testimony, the accident report, and the post-accident letter he wrote to DOTD wherein he opined that the faded lines and lack of reflectors may have been contributing factors to the accident. The trial court found that Officer Tullier’s conclusions were supported by the testimony of James Clary, an expert in road safety and design. Mr. Clary testified that the paint striping was faded and inadequate and, further, the lack of reflectors on Hwy. 431 directly contributed to Ms. Farley’s deviation from her lane of travel, thereby substantially contributing to the accident. The court noted finally that the evidence showed there is a “NO PASSING” sign directed to northbound traffic on Hwy. 431, some distance before its intersection with Hwy. 931. However, there is no corresponding solid yellow center line stripe on Hwy. 431 to indicate to motorists that they are traveling in a no passing zone.
The trial court’s findings that a defect existed in the roadway and that the defendant had actual or constructive notice of the defect are factual findings which should not be reversed on appeal absent manifest error. Stobart v. State Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). In Stobart, the Louisiana Supreme Court announced a two-part test for the reversal of a factfinder’s determinations:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
The court noted, however, that the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id.
[¡After a thorough review of the record in this matter, we find that a reasonable factual basis exists for the findings of the trial court. Moreover, the record does not establish that these findings are clearly wrong. Under the mandates of Stobart, we may not reverse.
ALLOCATION OF FAULT
After determining that DOTD is liable to plaintiffs in this case, the trial court addressed the issue of comparative fault. In written reasons for judgment, the court stated as follows:
The testimony of Ms. Farley and the accident report of Officer Tullier revealed that Ms. Farley was familiar with LA 431 and LA 931; that she had traveled through their intersection frequently, residing approximately 1½ miles away.
This Court is of the opinion that Ms. Farley should have been aware of the hazard presented by the faded road stripes in foggy weather; and, therefore, the fact that there was not one single skid mark on the path she took indicates that she lost sight and control of her lane of travel. Consequently, this Court finds her to have been 25% at fault.
DOTD asserts that, under the particular facts of this case, the trial court erred in not assigning a much greater percentage of fault to Ms. Farley.
The trier of fact is owed some deference in allocating fault, for the finding of percentages of fault pursuant to the comparative fault article, La. Civ.Code art. 2323, is a factual determination. Clement v. Frey, 95-1119, 95-1163, P. 4 (La. 1/16/96); 666 So.2d 607, 610. Only after finding a “clearly wrong” apportionment of fault should an ap *750 pellate court adjust the percentages, and then only to the extent of lowering or raising them to the highest or lowest point reasonably within the trial court’s discretion. Id. at 611.
Once again, after reviewing the record, we cannot say that the trial court was clearly wrong in its 75-25 allocation of fault.
^CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are included in the amount assessed against DOTD in Docket No. 96 CA 0538 consolidated with 96 CA 0539.
AFFIRMED.

. Judgment on the Thoms' damage claim was not rendered at the same time as the Farley case, and was not part of the quantum appeal.