J^FITZSIMMONS, J.
At approximately 9:00 a.m. on April 15, 1997, the Department of Transportation and Development for the State of Louisiana (DOTD) was notified of a problem on Greenwell Springs Road in Baton Rouge. When DOTD arrived on the scene, the problem was identified as a broken or ineffective manhole cover over a sewer manhole. The roadway was in the custody of DOTD. The sewerage system, including the manhole cover, was built, owned, and maintained by the City of Baton Rouge and East Baton Rouge Parish, Department of Public Works (City/Parish). DOTD did not monitor or maintain the sewer system. The manhole and cover were not originally located on the roadway during construction. This occurred later, when the road was widened.
DOTD notified the City/Parish, and asked for a repair crew. DOTD’s employee stayed at the scene, with his truck lights on, and waited for the City/Parish to respond. When the City/Parish arrived, DOTD left to answer another call. Upon investigation of the scene, the City/Parish observed broken pieces of the manhole cover and a broken barricade. The City/Parish put another manhole cover in place, but knew that the cover was not holding, and kept “sliding” off. The City/Parish chose not to seal the cover:' either by tack welding or their customary method of gluing. The City/Parish decided instead to erect a barricade to warn motorists. A citizen working in the area notified the City/Parish employee on the scene that a barricade had already been erected and knocked down. No such statement had been made to DOTD. Later that morning, DOTD observed a barricade on site, and believed that the problem was being addressed. Additionally, there is no assertion or evidence that, before the accident, DOTD had notice that earlier attempts to repair and erect barricades had failed.
The accident, which gave rise to this suit, occurred about 1:00 p .m. Plaintiff, *325 Mr. Willis Scott, was injured when his dump truck hit the partially open manhole on the roadway. No barricade was in sight. At about 2:00 p.m., DOTD responded to a call about debris at the accident scene. DOTD saw that the cover was off. DOTD replaced the cover over the manhole. The City/Parish was called. As of 3:00 p.m., the City/Parish had not responded. The police officer on scene had been advised by another officer that the temporary repairs and barricades had failed. The officer felt that a more permanent emergency repair was necessary for public safety. DOTD agreed, and offered to tack weld the cover in place. Permission was sought from the City/Parish. Tack welding was not the normal method used by the City/Parish to seal covers |4in the sewer system, but permission was given. After DOTD received permission, DOTD tack welded the cover to the manhole.
Mr. Scott sued the City/Parish, its insurer, and DOTD under theories of negligence and strict liability. C.R. Kirby Contractors, Inc. sued for damages to its dump truck. Aetna Casualty and Surety Company sued for reimbursement of workers’ compensation benefits paid to Mr. Scott. The three suits were consolidated. The trial court found the City/Parish 60% at fault, and DOTD 40% at fault. DOTD suspensively appealed. The three suits remained consolidated on appeal. Aetna filed an answer to the appeal seeking an increase in DOTD’s portion of the fault. After a thorough review, we find that DOTD was not at fault for the accident. We reverse the judgment on that issue.
DOTD “is not responsible for every accident which may occur on the state highways, nor is it a guarantor of the safety of travelers thereon, or an insurer against all injury which may result from obstructions or defects in such highways.” United States Fidelity & Guaranty Company v. State, Dept. of Highways, 339 So.2d 780, 785 (La.1976); Curry v. Johnson, 590 So.2d 1213, 1218 (La.App. 1st Cir. 1991). Although DOTD is not an “insurer” of safety, it has a duty to maintain highways in a reasonably safe condition and remedy or warn of unreasonably unsafe conditions. Farley v. State, Department of Transportation and Development, 95-2473 p. 3 (La.App. 1st Cir.9/27/96); 680 So.2d 746, 748, writ denied, 96-2603 (La.12/13/96); 692 So.2d 1064; Morris v. State, Department of Transportation, 94-2545 p. 5-6 (La.App. 1st Cir.10/6/95); 664 So.2d 1192, 1195-96, writ denied, 95-2982 (La.2/9/96); 667 So.2d 537.
An owner or custodian must discover any unreasonably dangerous condition on the premises, and either correct the condition or warn potential victims of its existence. Nicholes v. St. Helena Parish Police Jury, 604 So.2d 1023, 1027 (La. App. 1 Cir.), writ denied, 605 So.2d 1378 (La.1992). Under the theories of negligence or strict liability, the claimant must prove that the owner-custodian breached his duty to take reasonable steps to prevent injury as a result of the thing’s presenting an unreasonable risk of harm. La. C.C. arts. 2315, 2317; Kyle v. City of Bogalusa, 506 So.2d 719, 724 (La.App. 1st Cir.1987). Whether a duty has been breached depends on the facts and circumstances of each case. Nicholes, 604 So.2d at 1027.
The thing here that presented the risk was a partially or fully open manhole owned and maintained by the City/Parish. However, it existed on a roadway in the custody of DOTD. Under these facts, both the DOTD and the City/Parish had duties to protect the motoring public. |BThe issue on appeal is whether the DOTD breached its duty to take “reasonable steps” to prevent injury as a result of an unreasonable risk of harm. Kyle, 506 So.2d at 724.
DOTD had a duty to do exactly what it did. After notification of the problem, it took “reasonable steps” to prevent injury; the harm created by the hazard. DOTD notified the City/Parish of the hazard created by its open manhole. DOTD waited until the City/Parish arrived to en *326 sure the public was not caught unaware by the open manhole. DOTD later saw the City/Parish barricade in place. A barricade is a common method of alerting the public to a pothole, spill, or other hazard under repair or awaiting repair. The parties do not argue, nor is there any evidence in the record, that DOTD had notice or was aware that other barricades had been placed and knocked down by motorists, or removed by unknown parties.
However, the system’s custodian, the City/Parish, did have knowledge. The City/Parish made the choice not to repair, but to continue to place ineffective barricades. When DOTD realized at the accident scene that is the subject of this lawsuit, that the solution selected by the City/Parish had not worked, DOTD received authority from the City/Parish to effect an emergency repair. Once permission was given by the “custodian of the thing,” DOTD tack welded the manhole cover in place. The record contains no evidence that DOTD ever worked on the manhole, or that DOTD knew of, or was responsible for, the underlying problem that caused the cover to slide off. The record contains no evidence that DOTD had notice that the City/Parish did not or would not properly repair its system.
Conversely, the City/Parish had custody of the cover and manhole. Thus, the primary duty, the duty to properly repair and warn the public, rested with the City/Parish. See Brown v. State, Department of Transportation and Development, 513 So.2d 379 (La.App. 4th Cir.), writ denied, 515 So.2d 446 (La.1987) (The defective manhole cover located on the city sidewalk was found to be in the custody of the DOTD because it constructed and maintained the defective system. The city had no ownership of the manhole and cover, was found not negligent, and thus, not liable.); Burguieres v. City of New Orleans, 497 So.2d 13 (La.App. 4th Cir.1986) (The defect was in the city street surrounding the manhole, not the manhole or cover. The court made a distinction between the party responsible for the road and the sewer parts, and found only the custodian of the defective street liable.). The City/Parish knew, before the accident, that replacement of the cover and the barricades were not effective solutions. In light of that prior | ^knowledge, the continuation of the same remedy by the City/Parish did not constitute “reasonable steps” to remedy the problem or warn the public.
Appellees argued that DOTD has a duty to oversee the work of owner-custodians and make sure repairs are properly undertaken. Appellees also wish to impose a duty to repair any defects in the systems of another party, if DOTD arrives first on the scene. We disagree. To impose such universal duties would have absurd results. DOTD would be slowed in responding to and repairing the problems in their own system. Additionally, DOTD would be required to repair alien systems without authority, and without consideration of the necessary site and job specific equipment and parts. DOTD would be sued by either or both owner-custodians and the motoring public for failure to take care of DOTD business, as well as improper repairs without authority.
If the hazard had been created by a larger or more complex part of a system underlying roadways, such as a ruptured sewer or water pipe, or a breach and surfacing of a gas line, the logical division of responsibility between the roadway custodian and the system custodian is more easily perceived. Except in some emergencies, DOTD should not be required to take on the duty of a custodian and originate repairs of defective water, sewerage, or gas systems owned and maintained by other parties without notification or the opportunity for the owner-custodian to act. This was more than a mere removal of an obstruction, such as a tree or debris on the roadway. An attempt to repair another party’s lines, pipes, or manhole covers, could lead to incorrect or inappropriate repairs by DOTD. The use of parts not *327 consistent with the system could worsen the danger.
When, and only when, DOTD became aware of the City/Parish’s failure to properly repair, it sought authority to make the repair. Though not the sealing method used by the City/Parish for permanent repairs, the tack weld was within the expertise of the DOTD, and DOTD had the necessary equipment.
After a thorough review of the record, we find that the trial court clearly erred in finding DOTD liable. DOTD was not the custodian pursuant to strict liability concepts, and DOTD was not negligent in its actions. It did not breach its duty to take “reasonable steps” to maintain the highway in a reasonably safe condition or warn the public, and prevent the harm created by another’s property. In the absence of a breach of duty, DOTD cannot be assigned any percentage of fault. The City/Parish is assessed with 100% of the fault. We reverse the judgment 17accordingly, on the issue of liability, and affirm the remainder of the judgment. The total costs of $4167.40 are assessed equally to Aetna, who answered the appeal, and the City/Parish.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.