CARTER, C.J.
|2In this action for damages arising out of an automobile accident, the defendant, the Louisiana Department of Transportation and Development (DOTD), appeals a judgment of the trial court finding DOTD partially at fault and awarding damages to the plaintiffs. Plaintiffs, Melissa Gutierrez and Fernando Gutierrez, individually and on behalf of his minor children, Dustin, Evan, Selah, and Haley, have answered the appeal, challenging the percentage of fault assessed to DOTD and the amount of damages awarded.
FACTS AND PROCEDURAL HISTORY
The accident at issue occurred on April 27, 2004, at the intersection of Louisiana Highways 931 and 431 in Ascension Parish. Ms. Gutierrez was driving northbound on Highway 431, with the intention of proceeding onto Highway 931. Her four minor children were riding as passengers in the vehicle. At that time, the intersection was configured such that Highway 431 curved to the right for northbound traffic and intersected Highway 931 in the curve.[1] Thus, a motorist northbound on Highway 431, such as Ms. Gutierrez, would see Highway 931 straight ahead, but would have to cross Highway 431’s oncoming traffic to reach Highway 931. As she attempted to travel onto Highway 931, Ms. Gutierrez crossed the center line of Highway 431 and collided, head-on, with a vehicle traveling southbound around the curve of Highway 431. Ms. Gutierrez and her four children were injured in the accident, with seven-year-old Dustin suffering the most serious injuries.
Plaintiffs filed suit against DOTD, alleging that the intersection presented “a trap for motorists due to its construction, design and traffic |.scontrol defects.”[2] The driver of the other vehicle involved in the accident was not a party to the suit.
Trial was held March 15 through March 17, 2011, with some claims tried to a jury and others tried to the bench. In oral reasons, the trial court explained that “[pjursuant to the stipulation of the parties, the plaintiffs’ claims were [bifurcated], with the claims of Melissa Gutierrez, Fernando Gutierrez, Evan Gutierrez, Se-lah Gutierrez, and Haley Gutierrez tried as a bench trial. The claim relating to Dustin *383 Gutierrez was tried by the jury.” The jury returned a verdict finding no fault on the part of DOTD. In rendering judgment on the bench trial, the trial court found DOTD to be 25% at fault. The trial court then stated that it would reconcile the inconsistent fault determinations and entered judgment allocating 25% fault to DOTD and awarding damages to the plaintiffs.
The plaintiffs filed a motion for judgment notwithstanding the verdict (JNOV), seeking additional amounts in damages and contending that a higher percentage of fault should be assessed to DOTD. DOTD filed a motion to enter judgment in accordance with the jury’s verdict and to strike the premature bench judgment and premature motion for JNOV. The trial court denied DOTD’s motion, granted a new trial with respect to damages only, and vacated its previously entered judgment. The trial court then entered a new judgment based on its determination that DOTD was 25% at fault and Ms. Gutierrez was 75% at fault, and awarded damages to the plaintiffs.
|4DOTD has appealed, challenging the trial court’s action in reconciling the jury’s finding with its own, the trial court’s determination of liability on the part of DOTD, as well as particular findings concerning Dustin’s damages. Plaintiffs have answered the appeal, contending the trial court erred in its apportionment of fault between DOTD and Ms. Gutierrez, and in failing to award certain damages related to Dustin’s injuries.
DISCUSSION
The judgment on appeal reflects the trial court’s reconciliation of the bench and jury determinations as to the fault of the sole defendant, DOTD. DOTD contends that it was improper for the trial court to render such a judgment. Two very different legal principles are involved here— reconciliation of a jury verdict with a different finding of the trial court and the law applicable to a JNOV.
In a bifurcated trial, an inconsistent jury verdict and bench trial decision must be harmonized. See Thornton v. Moran, 348 So.2d 79, 81-82 (La.App. 1 Cir.), writ denied, 350 So.2d 900 (La.1977); see also Hartec Corporation v. GSE Associates, Inc., 10-1332 (La.App. 1 Cir. 2/24/12), 91 So.3d 375, 380-85 (setting forth a comprehensive overview of the methods of resolving conflicting verdicts applied by the various Louisiana courts of appeal). However, harmonization is only necessary when both the jury and trial court have legal authority to decide the issues and reach conflicting decisions. Fontenot v. Patterson Insurance, 08-0414 (La.12/12/08), 997 So.2d 529, 534. Thus, the initial inquiry here is whether both the jury and trial court had the authority to decide the issue of liability (as it was the issue of liability on which the two triers of fact reached conflicting decisions). See id.
| ,-,In its answer, DOTD requested a jury trial on all issues in this case. Shortly before trial, plaintiffs stipulated that each of the plaintiffs’ damages, except Dustin’s, were less than $50,000.00 (these plaintiffs will collectively be referred to as the bench-trial plaintiffs). Nonetheless, DOTD asserts that it did not waive its right to a jury trial as to liability, maintaining that the trial court was only authorized to fix damages for the bench-trial plaintiffs should the jury find liability on the part of DOTD.
Plaintiffs contend that DOTD stipulated to the procedure of a jury trial on Dustin’s claims and a bench trial on the bench-trial plaintiffs’ claims.. The pre-trial order signed by counsel for plaintiffs and DOTD contains the following:
*384 Plaintiffs Statement as to Trial by Jury:
Dustin’s claim exceeds $50,000, thus giving the DOTD a right to a jury trial. The only other claim that might exceed $50,000 is Melissa’s (we have not yet decided whether we will stipulate that her claim -will not exceed $50,000). We will stipulate that Fernando’s, Evan’s, Selah’s, and Haley’s claims do not exceed $50,000. Therefore, the Court will decide those claims, both as to damages and as to liability. (Emphasis added.)
Defendant’s Statement as to Trial by Jury:
The matter is fixed for trial by jury regarding all issues; plaintiffs have lately asserted that they may stipulate to a bench trial regarding some plaintiffs.
Plaintiffs also point out that DOTD did not object as this matter proceeded before the trial court, particularly during the portion of the bench trial that took place after the jury returned its verdict of no liability, and that DOTD’s brief on the claims tried to the bench included a discussion of liability.
A litigant’s right to a jury trial is fundamental in character, and courts will indulge every presumption against a waiver, loss, or forfeiture thereof. Champagne v. American Southern. Ins. Co., 295 So.2d 437, 439 (La.1974). The Louisiana Supreme Court recently re-affirmed the right to a jury trial in a civil case, noting that the right is “favored in the law.” See Pugeau v. Hebert, 00-0875 (La.5/12/00), 760 So.2d 325, 326. This right inures to the benefit of both plaintiffs and defendants. Able v. Vulcan Materials Co., 11-0448 (La.App. 1 Cir. 2/8/12), 94 So.3d 1, 9.
The record in this matter does not contain a motion to strike the jury as to the claims of the bench-trial plaintiffs. It also does not reflect any stipulation on the part of DOTD as to the procedure of holding simultaneous trials by the jury and trial court as to the liability of DOTD, the single defendant in the case. Rather, the record evidences confusion as to the procedural posture of the case proceeding to trial, with the pretrial order being the only possible indication that both the jury and the trial court would decide liability.
There is no dispute that DOTD’s request for jury trial entitled it to have the jury determine its liability as to Dustin, even after plaintiffs’ stipulation that the bench-trial plaintiffs’ damages did not exceed the jurisdictional amount for a jury trial. Further, by their argument in support of reconciliation of the jury’s and trial court’s fault determinations, plaintiffs acknowledge that in this case, all plaintiffs can be subject to only one fault determination. Considering that there is no stipulation by DOTD that it was waiving its right to have the jury try liability, and being mindful that courts will indulge every presumption against waiver or loss of a jury trial, we must conclude that, in this case, the procedural effect of the stipulation as to the damages claims of the bench-trial plaintiffs was limited to removing those damage claims from the province of the jury. The jury retained the sole authority to decide DOTD’s liability through Dustin’s case. We cannot 17conclude that such a stipulation as to less than all plaintiffs’ damages, at the last instant, created a bifurcated trial on liability, thereby subjecting the single defendant to the real possibility of having conflicting liability determinations that must be reconciled or harmonized. Bifurcated trials and their attendant difficulties should be avoided whenever possible. Fontenot, 997 So.2d at 537. Moreover, procedural maneuvers designed solely to deprive litigants of their right to a jury trial based on jurisdictional amounts are disfavored. Prudential Ins. *385 Co. v. Gideon, 02-0532 (La.App. 1 Cir. 2/14/03), 845 So.2d 437, 440.
For the reasons set forth, we conclude that the trial court should not have determined DOTD’s liability as part of the bench trial. Thus, there should not have been conflicting decisions or reconciliation of those decisions on that issue. At this stage of the proceedings, the trial court should have rendered judgment on the jury’s verdict finding that DOTD was not at fault. It was legally incorrect for the trial court to do otherwise. However, this is not the end of the inquiry.
After the jury rendered its verdict, plaintiffs did file a motion for JNOV. In its written reasons, the trial court stated that it “[believed] that no reasonable trier of fact could reach the conclusion that DOTD was not at fault with such a blatantly defective intersection and that the defect was not a cause in fact of the accident.” Thus, the trial court made findings consistent with a JNOV. See Davis v. Wal-Mart Stores, Inc., 00-0445 (La.11/28/00), 774 So.2d 84, 89.
A JNOV is a procedural device authorized by Louisiana Code of Civil Procedure article 1811, by which the trial court may modify the jury’s finding of fault or damages, or both, to correct a legally erroneous jury |sverdict. See La.Code Civ. Proc. art. 1811 F; Adams v. Parish of East Baton Rouge, 00-0424 (La.App. 1 Cir. 11/14/01), 804 So.2d 679, 687, writ denied, 02-0448 (La.4/19/02), 813 So.2d 1090. The Louisiana Supreme Court has set forth the standard to be used in determining whether a JNOV has been properly granted as:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable jurors could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making this determination, the court should not evaluate the credibility of the witnesses and all reasonable inferences or factual questions should be resolved in favor of the non-moving party.
Davis, 774 So.2d at 89 (citations omitted).
A JNOV is proper only when the trial court determines that reasonable minds could not reach a contrary verdict, or when the facts and inferences point so strongly and overwhelmingly in favor of one party that the trial court believes that reasonable jurors could not find otherwise. Cavalier v. State, Dept. of Transp. and Develop., 08-0561 (La.App. 1 Cir. 9/12/08), 994 So.2d 635, 644. In considering a motion for JNOV, the trial court is prohibited from weighing evidence, making credibility determinations, drawing inferences, or substituting its fact determinations for that of the jury. Id. The trial court must first determine whether the facts and inferences point so strongly and overwhelmingly in favor of the plaintiffs that reasonable jurors could not arrive at a contrary verdict. Id. \ 9Stated simply, if reasonable persons could have arrived at the same verdict given the evidence presented to the jury, then a JNOV is improper. Id.
An appellate court reviewing a trial court’s grant of a JNOV employs the same criteria used by the trial court in deciding whether to grant the motion. Smith v. State, Dept. of Transp. & Dev., *386 04-1317 (La.3/11/05), 899 So.2d 516, 525. In other words, the appellate court must determine whether the facts and inferences adduced at trial point so overwhelmingly in favor of the moving party that reasonable persons could not arrive at a contrary finding of fact. If the answer is in the affirmative, then the appellate court must affirm the grant of the JNOV. Id. However, if the appellate court determines that reasonable minds could differ on that finding, then the district court erred in granting the JNOV, and the jury verdict should be reinstated. Id. Neither the trial court nor this court may substitute its evaluation of the evidence for that of the jury, unless the jury’s conclusions totally offend reasonable inferences from the evidence. Templet v. State ex rel. Dep’t of Transp. and Dev., 00-2162 (La.App. 1 Cir. 11/9/01), 818 So.2d 54, 58.
Thus, our initial inquiry is whether the evidence overwhelmingly supported plaintiffs’ contention that reasonable jurors could not have apportioned 0% fault to DOTD and 100% fault to Ms. Gutierrez. If so, then the trial court was correct in granting the JNOV, and we must then conduct a manifest error review of the trial court’s independent apportionment of fault. See Cavalier, 994 So.2d at 645. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then the trial court erred in granting the motion, and the jury’s apportionment of fault should be reinstated.
10It was plaintiffs’ burden to prove: 1) DOTD had custody of the thing that caused plaintiffs’ damages; 2) the thing was defective because it had a condition that created an unreasonable risk of harm; 3) DOTD had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time; and 4) the defect was a cause-in-fact of plaintiffs’ injuries. La. Civ. Code Ann. arts. 2315, 2317; Shilling v. State, Dept. of Transp. and Develop., 05-0172 (La.App. 1 Cir. 12/22/05), 928 So.2d 95, 99. At trial, the parties stipulated that DOTD had custody of the intersection of Louisiana Highways 931 and 431.
In written reasons, the trial court stated “[t]here is no doubt that the geometric design of the 431/931 intersection was defective and was unreasonably dangerous.” The trial court then set forth relevant evidence adduced at trial to support its finding. The trial court likewise found that plaintiffs proved the actual or constructive notice element, citing testimony of witnesses as well as this court’s decision in Farley v. State Through Depart. of Transp. and Development, 95-2473 (La.App. 1 Cir. 9/27/96), 680 So.2d 746, 748, which concerned the same intersection.[3] Assuming the trial court correctly concluded that reasonable jurors could not have found that the intersection was not defective, and that reasonable jurors could not have found that DOTD did not have notice of the defect and failed to take corrective measures within a reasonable time, the crux of the matter is whether reasonable jurors could disagree as to the defect being a cause-in-fact of plaintiffs’ injuries.
J^The accident occurred just after noon on a sunny, clear day. The parties agree that as Ms. Gutierrez proceeded northbound on Highway 431, she passed a curve-ahead sign advising drivers of an upcoming curve to the right. She next passed a highway junction sign indicating the meeting of Highways 431 and 931. *387 That portion of Highway 431 also had double centerline striping, indicating a no passing zone.
Plaintiffs had lived in the Gonzales area for approximately four years prior to the accident. Although Ms. Gutierrez had gone through the intersection as a passenger more than once, she maintains that she had never driven through it herself. Ms. Gutierrez testified that she did not recall seeing the posted signage as she approached the intersection and thought she could proceed straight ahead onto Highway 931 without the necessity of yielding to traffic rounding the curve in the oncoming lane. Ms. Gutierrez admitted that there was no northbound traffic ahead of her blocking her vision, and there was no testimony that anything obstructed her view as she approached the intersection.
Dr. Olin K. Dart, Jr., an expert in highway design and traffic engineering, agreed that a road or intersection could have a defect that did not cause a particular accident. Further, he agreed that, hypothetically, a motorist driving in broad daylight should be alerted to a major change in alignment by the curve-ahead sign. Moreover, the double centerline striping would normally alert a motorist that crossing the striping would put them in the opposing lane of traffic. Although Dr. Dart unequivocally testified that the intersection was, in his opinion, defective, he did not opine as to the cause of the accident.
| ^Louisiana State Trooper First Class Kevin Biddy, who investigated the accident, characterized Ms. Gutierrez’s action as an attempt to turn left from Highway 431 onto Highway 931. He testified that her statement to him was that as she began to make the turn, she noticed the approaching vehicle, tried to swerve and avoid the collision, but was unable to do so. Trooper Biddy concluded that Ms. Gutierrez was inattentive or distracted as she navigated the intersection. He testified that if Ms. Gutierrez had stated that she did not know she was in the intersection, he would have so indicated in his report. Ms. Gutierrez testified that she only vaguely remembered speaking to a State Trooper after the accident while she was in the hospital.
The primary evidence that the defective intersection was a cause-in-fact of the accident and resulting injuries was the testimony of Ms. Gutierrez. On the other hand, the jury heard testimony as to signage and striping, that the accident occurred on a clear day with no visual obstructions present, and that Ms. Gutierrez failed to yield to oncoming traffic as she proceeded from Highway 431 to Highway 931. DOTD argued that, in this case, Ms. Gutierrez was a careless motorist who ignored the obvious layout of the intersection.
At trial, the factfinder is charged with assessing the credibility of the witnesses and is free to accept or reject, in whole or in part, the testimony of any witness. Succession of Fisher, 06-2493 (La.App. 1 Cir. 9/19/07), 970 So.2d 1048, 1055 n. 5. It is apparent that, here, the jury chose to reject the testimony of Ms. Gutierrez in light of the other evidence presented.
When contemplating a JNOV, the trial court is prohibited from weighing evidence, making credibility determinations, drawing inferences therefrom, or substituting its own factual conclusions for those of the jury. Lewis v. State Farm Mut. Auto. Liability Ins. Co., 09-1242 (La.App. 1 Cir. 3/26/10), 36 So.3d 970, 973, writ denied, 10-0933 (La.6/25/10), 38 So.3d 342. The trial court is not authorized to interfere with the verdict simply because it believes another result would be correct. Id. After careful review, we conclude that *388 reasonable minds could differ as to whether the defective intersection was a cause-in-fact of the accident. The jury’s verdict finding that DOTD was not at fault is reasonably supported by the evidence adduced at trial. Thus, we find that granting the JNOV was improper and that judgment should have been entered based on the jury’s finding that DOTD was not at fault in this case.[4]
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the JNOV is reversed. Judgment is entered based on the jury’s verdict, absolving DOTD of liability in this ease. The relief requested in plaintiffs’ answer to this appeal is denied. Costs of this appeal are assessed to Melissa Gutierrez and Fernando Gutierrez, individually and on behalf of his minor children, Dustin, Evan, Selah and Haley.
JUDGMENT REVERSED AND RENDERED; ANSWER TO APPEAL DENIED.

. Between the time of the accident and trial in this matter, the intersection was reconfigured.

. Plaintiffs named the Parish of Ascension as a defendant in their suit, but later dismissed the Parish as a party.

. Although this court has previously reviewed cases of accidents at this intersection, ultimately, DOTD’s liability depends on all of the facts and circumstances determined on a case-by-case basis. Netecke v. State ex rel. DOTD, 98-1182, 98-1197 (La.10/19/99) 747 So.2d 489, 495.

. Our determination renders the remaining issues raised by the parties moot. Accordingly, plaintiffs' answer to this appeal is denied,