CRAIN, J.,
agreeing in part and dissenting in part.
LAs correctly noted by the majority, while necessary, the placement of a monetary award on the life of a person is impossible. It is imprecise. At times, it may appear quite arbitrary. But, the fact finder is free to award an amount that it determines to be fair. Under the JNOV standard, neither the trial court nor this court is authorized to substitute its evaluation of the proper amount of damages for that of the fact finder unless no reasonable person could disagree that the award is either abusively high or abusively low. See Falcon v. Louisiana Dept. of Transp., 13-1404 (La.App. 1 Cir. 12/19/14), 168 So.3d 476, 488, writ denied, 15-0133 (La. 4/10/15), 163 So.3d 813; Gutierrez v. Louisiana Dept. of Transp. and Development, 11-1774 (La. App. 1 Cir. 3/23/12), 92 So.3d 380, writ denied, 12-1237 (La. 9/21/12), 98 So.3d 343.
It is not inherently wrong to award siblings the same amount of damages, although their circumstances are different. See, e.g., Dakmak v. Baton Rouge City Police Dept., 12-1468 (La.App. 1 Cir. 9/4/14), 153 So.3d 498, 510 (an award of $10,000.00 to each of three of adult sons for the wrongful death of their father was not an abuse of discretion); Maldonado, 152 So.3d at 939 (after finding that the jury’s award was abusively high, this court reduced awards to a seven-year-old and a three-year-old for the wrongful death of their father to $450,000.00 each). While the jury’s award of $150,000.00 to Nadin may be on the low end of reasonable, or it could be that the amounts awarded to her brothers and sisters are on the high end of reasonable, the awards are nevertheless reasonable, and the fact that they are the same does not negate that.[1]
Both the trial court and the majority have simply substituted their opinions for that of the jury—the trial court by granting the JNOV and this court by reducing the trial court’s award to just $100,000.00 more than the jury awarded. Since reasonable persons could disagree as to whether the jury’s wrongful death damages awards to Mr. Salama, Hani, and Nadin are abusively low, the JNOV should be reversed in its entirety, and the jury’s verdict should be reinstated as to all plaintiffs.

. The awards to Rami, Remm, and Rúan are not subject to review in this appeal.